This is an original action in mandamus in this court, in which the relator seeks to compel the Industrial Commission to pay him compensation for permanent total disability.
The relator was seriously injured in a mine explosion in September, 1917, and upon filing his claim with the Industrial Commission received compensation for partial disability. The commission has paid the relator compensation for total loss of the right eye and for a seventy per cent. loss of the left hand, and on February 26, 1932, relator made application for further compensation. On March 29, 1932, the Industrial Commission made an order finding the relator partially disabled and awarding him compensation for partial disability at the rate of $6 per week from January 1, *Page 551 
1932, to February 13, 1936, and found the average weekly wage of the relator to be $16.
The petition avers that a medical examiner of the Industrial Commission, referring to relator's disability, on March 19, 1932, considered the "claimant as a permanent total disability."
The relator claims that the order of March 29, 1932, is arbitrary and constitutes an abuse of discretion, and therefore he asks for this writ of mandamus.
The answer of the Industrial Commission avers that when its action was taken on March 29, 1932, it acted on all the evidence, medical and otherwise, which was before it, and that when fixing the extent of disability of the relator it was acting within its jurisdiction, and further says that at no time has this claim been before it for consideration of the question whether or not claimant is permanently and totally disabled, and that it has therefore made no jurisdictional denial.
The question, then, for determination on the present record, is, Has the Industrial Commission so grossly abused its discretion as to require this court to issue the peremptory writ of mandamus?
The relator has lost an eye and practically the use of one hand, and under such circumstances, the provisions of Section 1465-81, General Code, are invoked: "The loss of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, shall prima facie constitute total and permanent disability, to be compensated according to the provisions of this section."
It is to be noted that the language used is that such a condition shall be "prima facie" evidence; that is to say, when equal evidence is introduced to meet or overcome the primafacie case, the same fails.
The Constitution and statutes have confided to the Industrial Commission as a tribunal in the first instance power to pass upon such evidence. The commission saw the relator, heard his testimony and the *Page 552 
medical evidence offered, as disclosed by the agreed statement of facts.
It is the duty of the Industrial Commission to decide all questions of fact within its jurisdiction. In performing such function, the commission should give to all the evidence before it, including the evidence of doctors in the employ of the department of industrial relations, such weight as it finds that the evidence warrants. The Industrial Commission is not bound by the conclusions given by any person presenting the evidence, but must make its own conclusions from all of the evidence before it.
While the medical examiner found the relator's a case of permanent disability, this evidence was to be considered by the commission, together with the other evidence in the case, and the commission was authorized to give it such weight as in its judgment it was entitled to receive. It was not absolutely binding upon the commission. Industrial Commission v. Hogle,108 Ohio St. 363, 366, 140 N.E. 612.
While the relator was most seriously and severely injured and has suffered the loss of an eye and practically the loss of the use of one hand, still it was for the commission to say whether he would never be able to work and was thus permanently and totally disabled, or was within the statutory definition of "total and permanent disability." This fact was one for the Industrial Commission to determine, and were we, on this record, to substitute our judgment for that of the commission we would be acting without opportunity to see the relator, hear his testimony and give personal observation in the premises. This the commission was able to do, and in so doing we cannot say that there was a gross abuse of discretion in allowing compensation only for partial disability from January 1, 1932, on an impairment of $9 per week to March 29, 1932, and a continuance for such period as the aggregate of all compensation paid and to be paid for partial disability *Page 553 
equals $3,750, which makes a finding in favor of the relator up to January, 1936, at which time, under the continuing jurisdiction of the Industrial Commission, further allowance can be made if the justice of the case so requires.
The commission disclaims that it has definitely passed upon the issue of permanent total disability, and for this court to take away the opportunity of the commission so to do is not justified.
The application of February 25, 1932, made by claimant and now under consideration, is not for permanent and total disability, but asks for modification of award upon the plea that "his disability is greater than the amount allowed for the hand." The application is as follows: "Claimant says that he has been compensated for loss of the eye, first finger and 40% of left hand and believes that his disability is greater than the amount allowed for the hand; also that he has a serious disfigurement as a result of this injury and makes reference to the report of Dr. Parker under date of Feb. 7, 1930, and asks that he be granted further compensation."
The commission's finding is a logical one and is within the terms of the application filed, such finding reciting: "That the Commission finds from the proof of record that claimant has a partial disability as a result of the injury in question in addition to that for which he has heretofore been compensated, and awards compensation from January 1, 1932 on an impairment of $9.00 per week to date and continue for such period as the aggregate of all compensation paid and to be paid for partial disability equals $3750. Claimant's average weekly wage be fixed at $16.00."
Mandamus is an extraordinary remedy and is only allowed to issue when a clear right thereto has been shown. Mandamus cannot be granted where the effect of its issue would be to substitute the command of the superior for the judicial discretion of the inferior *Page 554 
tribunal. While it is well settled that mandamus will lie to compel an inferior court or a commission or board to act and perform statutory duties, it cannot control the exercise of discretion unless an abuse of such discretion affirmatively appears.
The Industrial Commission in this instance having exercised its judicial discretion on the evidence submitted, that discretion cannot be controlled by mandamus unless an abuse thereof appears. Such not affirmatively appearing in this instance, the writ must be denied.
The continuing jurisdiction of the commission, upon further application, if the facts justify it, is ample to protect the rights of the relator.
Writ denied.
WEYGANDT, C.J., ALLEN, STEPHENSON and JONES, JJ., concur.
MATTHIAS, J., not participating.