Zimmerman, J.
In this original action in mandamus the relator, Clinton Ramsey, seeks an order requiring the Industrial Commission to compensate him for 60 square inches of his skin which he furnished to John Ramsey. The case is submitted upon petition, answer, reply and the file-of the Industrial Commission covering John Ramsey’s claim for compensation on account of an accidental injury.
Undisputed facts are that on November 7,1940, John Ramsey, son of the relator, sustained severe leg burns due to an explosion while in the regular course of his employment by a contributor to the state insurance fund. He filed a claim for compensation with the respondent, which was allowed.
John Ramsey’s local physician recommended a skin graft, which was authorized in writing by the respondent through one of its.medical doctors in De *247 cember of 1940.- Nothing was said as to the manner of its accomplishment or what amount would be allowed therefor. The skin in the quantity described was removed from the relator and grafted on the legs-of John Ramsey. Thereafter, the relator filed application with the respondent for payment. The respondent made an Order awarding relator $216, representing his loss of wages as a result of the skin grafting operation. Being dissatisfied with such award, relator filed another application, seeking an increased amount. The respondent reaffirmed its former action and declined to make an allowance of any additional sum. Thereupon, the present action was commenced.
Pursuant to the authorization contained in Section 35, Article II of the Constitution of Ohio, the Workmen’s Compensation Act was passed “for the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workman’s employment. ’ ’
It is obvious that the relator can assert no claim against the Industrial Commission as an injured workman. However, he invokes Section 1465-89, General Code, reading as follows:
“In addition to the compensation provided for herein, the Industrial Commission of Ohio shall disburse and pay from the state insurance fund, such amounts for medical, nurse and hospital services and medicine as it may deem proper, not, however, in any instance, to exceed the sum of two hundred dollars unless in unusual cases, wherein it is clearly shown that the actually necessary medical, nurse and hospital services and medicine exceed the amount of two hundred dollars, such commission shall have authority to pay such additional amounts upon a satisfactory finding of facts being made and upon unanimous approval by such commission, such finding of facts to be set forth upon the minutes; and, in case death ensues from *248 the injury, reasonable funeral expenses shall be disbursed and paid from the fund in an amount not to exceed the sum of two hundred dollars, and such •commission shall have full power to adopt rules and regulations with respect to furnishing medical, nurse .and hospital service and medicine to injured employees ■entitled thereto, and for the payment therefor.”
Under this section the relator contends “that the Industrial Commission of Ohio having authorized the •doctor to perform a sldn graft, which is admitted was necessary, that the relator having furnished 60 square inches of skin is entitled to the reasonable value of said skin and when the Industrial Commission of Ohio •denies payment for the value of said skin, the relator has a right to call on this court in an action in mandamus to compel the Industrial Commission of Ohio to pay a reasonable amount for the value of said skin.”
Analyzing Section 1465-89, General Code, it authorizes the commission, in its discretion and presumably by a majority vote, to disburse the sum of $200 for the medical expenses incurred by a disabled employee. In unusual cases and when necessary the commission is empowered to expend a larger sum for medical attention, but this can be done only by unanimous vote ■of the members of the commission and upon a finding ■of facts which must be made a part of the minutes.
It will thus be seen that the disbursement of moneys from the state insurance fund for medical expenses lies within the sound discretion of the commission. Here, the commission exercised that discretion in favor of the relator to the extent of $216.
While it is well established that in a mandamus action the proper court may compel the exercise of discretion by a body like the Industrial Commission, it is equally well settled that such discretion may not be ■controlled or limited by a writ of mandamus unless an abuse is clearly apparent. State, ex rel. Mullen, v. Industrial Commission, 136 Ohio St., 45, 46, 23 N. E. *249 (2d), 632; 25 Ohio Jurisprudence, 1003, Section 28; 34 American Jurisprudence, 855, Section 67 et seq.
Under the facts of this case, coupled with the language of the quoted statute, we cannot hold that the Industrial Commission is open to a charge of an abuse of discretion in its action on the relator’s claim. State, ex rel. Coen, v. Industrial Commission, 126 Ohio St., 550, 186 N. E., 398.
As we view the matter, the relator in effect is asking the court to control the discretion of the respondent, and under the plain wording of Section 1465-89, General Code, this cannot be done. Furthermore, it is doubtful if one in the position of relator, not being a disabled workman within the purview of the Workmen’s Compensation Act, has any right to maintain an. action of this kind.
For the reasons given, the writ as prayed for is denied.

Writ denied.

Weygandt, C. J., Turner, Williams, Matthias and Hart, JJ., concur.
Bettman, J., not participating.