The State, ex rel. Mansfield Tire & Rubber Co., *v.* Indus.
Comm. of Ohio.

[Cite as State, ex rel. Mansfield Tire & Rubber Co., v.
Indus. Comm. (1973), 40 Ohio App. 2d 417.]

(No. 73AP-301—Decided January 15, 1973.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Russell
P. Herrold, Jr.* and *Mr. Robert E. Leach* of counsel, and
*Messrs. Baker, Hostetler & Patterson, Mr. Robert G.
Stinchcomb* of counsel, for relator.

*Mr. William J. Brown,* Attorney General, *Mr. Michael
J. Hickey* and *Mr. Allen P. Adler,* for respondent.

*Messrs. Larrimer & Larrimer,* for claimant, Bennett J.
Cooper, Jr.

Strausbaugh, J. This is an original action before us,
brought by relator, requesting that a writ of mandamus be
issued by this court requiring respondent, Industrial Com-
mission of Ohio, *inter alia,* to vacate its order which found
that Bennett J. Cooper, Jr., was permanently and totally
disabled due to the loss of both hands by amputation.

The facts relating to the case are not disputed and are

admitted by all parties. The claimant, Bennett J. Cooper, Jr., sustained injuries, in the course of and arising out of his employment with relator, on July 16, 1967, when he caught both of his hands in the rollers of a piece of machinery and as the result thereof sustained the loss by amputation of the fingers and thumb of the left hand and the loss of the four fingers of the right hand. The evidence indicates that the following portions of the left hand were amputated: All of the second distal and a portion of the first proximal phalange of the thumb; all of the third distal; all of the second distal; and approximately half of the first proximal phalanges of the first, second, third and fourth fingers. None of the metacarpals were amputated. Dr. Stahl, in his report of June 1969, stated that the second, third, fourth and fifth metacarpal bones are one unit and there is a small web between the amputated stump of the thumb and the first finger so that the claimant does have some grasping strength between the amputated stump of the thumb and the second metacarpal bone.

With respect to the right hand, the following portions of the hand were amputated: All of the third distal and all of the second distal phalanges of the first, second, third and fourth fingers; substantial portions of the first proximal phalanges of the first and fourth fingers; small portions of the first proximal phalanges of the second and third fingers. None of the thumb of the right hand was amputated. Dr. Stahl stated in his report that the right thumb has full range of motion.

R. C. 4123.58 provides, in part:

"The loss of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section."

Relator argues that the claimant has not suffered the loss of both hands or even one hand, but has suffered the loss by severance of portions and fractional parts of members of the body, and that the loss of a thumb and of the several fingers of the hand is not the loss of a hand but only the loss of portions or fractional parts thereof.

Relator further argues that the word "loss'" in R. C. 4123.57 and R. C. 4123.58 cannot be expanded to mean "loss of use" under the law as set down by the Supreme Court in *State, ex rel Bohan*, v. *Indus. Comm.* (1946), 146 Ohio St. 618. The facts in that case were that the claimant's right hand was crushed between a tractor and a trailer result-ing in a fracture and a dislocation of the wrist, followed by an atrophy of the forearm and hand with complete anky-losis of the wrist joint and a partially ankylosed claw hand. There was no severance or amputation involved. The com-mission's medical department reported as follows:

"The claimant's right hand is permanently disabled and of no future industrial value. It constitutes total func-tional loss. Employment is limited to work with the left hand. * * * We are of the opinion that the hand cannot be improved surgically; the disability is equal to total loss of the hand." (See *Bohan, supra* at 619.)

In denying the claimant's appeal, the Supreme Court held, in the second paragraph of the syllabus:

"2. The word 'loss' as used in Section 1465-80, Gen-eral Code, and therein applied to certain members of the human body means loss by severance and not the loss of use of such members."

In the present case, we have evidence of severance of the major portions of both hands without evidence of loss of use. We find that the question of loss of use is irrelevant to the determination of the issue herein. For if there were a total and complete severance of the hands, but the stumps were fitted with artificial hands which, through the miracle of modern technology, would restore the ability of claimant to function as well as before the amputation, there would be no question that there would be a compensable severance un-der the law as set forth in *Bohan*. The issue is whether there has been a severance. See also *State, ex rel. Holdridge*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, and our unreport-ed decision in *State, ex rel. Gassmann*, v. *Industrial Com-mission*, Franklin County Court of Appeals No. 73AP-196, decided December 4, 1973 (1973 Unreported Decisions, page 3075).

We have found no definition nor specification, in statutory or case law of what constitutes the loss of a hand by amputation or severance. In this case, where we have undisputed evidence of the amputation of all of the fingers of both hands, with the exception of one thumb, we find no abuse of discretion on the part of the Industrial Commission in finding that there was a loss by severance of both hands. If a car thief were to steal an automobile, but leave behind a used but usable tire, it would be a poor argument to contend that there had not been a theft of the car. Here, we find no abuse of discretion upon the part of the Industrial Commission in its finding that the claimant has suffered a loss of both hands by amputation. *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550.

There being nothing in the record before this court showing an abuse of discretion on the part of the Industrial Commission, the writ of mandamus is denied.

*Writ of mandamus denied.*

TROOP, P. J., and WHITESIDE, J., concur.