THE STATE, EX REL. GENERAL MOTORS CORP., APPELLANT, *v.* INDUSTRIAL COMMISSION ET AL., APPELLEES.

[Cite as State, ex rel. General Motors Corp., v. Indus. Comm. (1975), 42 Ohio St. 2d 278.]

(No. 74-842—Decided May 14, 1975.)

*Messrs. Baughman & Hayes* and *Mr. Thomas P. Hayes,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey,* and *Mr. James R. Piercy,* for appellee Industrial Commission.

*Shapiro, Kendis & Assoc. Co., L. P. A.,* and *Mr. Alan J. Shapiro,* for appellee Walter P. Brown.

*Per Curiam.* In denying appellant's request for a writ of mandamus, the Court of Appeals found the issue of causal relationship to be appealable and, therefore, that an adequate remedy existed in the ordinary course of the law.

R. C. 4123.519 provides, in pertinent part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

Past decisions of this court interpreting the above provisions have consistently held that an order constituting a denial that is absolute and which goes to the basis of claimant's right to participate in the fund is not a "decision as to the extent of disability," and is appealable pursuant to R. C. 4123.519. *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230, 277 N. E. 2d 422; *State, ex rel. Campbell,* v. *Indus. Comm.* (1971), 28 Ohio St. 2d 154, 277 N. E. 2d 219; *Reeves* v. *Flowers* (1971), 27 Ohio St. 2d 40, 271 N. E. 2d 769; *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94, 249 N. E. 2d 775; *Keels* v. *Chapin & Chapin* (1966), 5 Ohio St. 2d 112, 214 N. E. 2d 428; *Carpenter* v. *Scanlon* (1958), 168 Ohio St. 139, 151 N. E. 2d 561. Where an appeal is available from an order of the commission, an action in mandamus may not be maintained. See *State, ex rel. Ferris,* v. *Indus. Comm.* (1969), 17 Ohio St. 2d 49, 245 N. E. 2d 357; *State, ex rel. Foley,* v. *Greyhound Lines* (1968), 16 Ohio St. 2d 6, 241 N. E. 2d 904; *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, 237 N. E. 2d 134; *State, ex rel. Latino,* v. *Indus. Comm.* (1968), 13 Ohio St. 2d 103, 234 N. E. 2d 912.

Conversely, where the commission's order constitutes a finding as to the extent of disability, an appeal is unavailable and mandamus is proper to test the commission's exercise of its discretion. See *State, ex rel. Campbell,* v. *Indus. Comm., supra; Rummel* v. *Flowers, supra; Reeves* v. *Flowers, supra; State, ex rel Shewalter,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 12, 249 N. E. 2d 51.

In the case at bar, both appellant and appellee Industrial Commission argue that the relevant provisions of R. C. 4123.519 do not allow an appeal from the commission's order of May 30, 1972. That decision, finding claimant permanently and totally disabled, clearly was not an absolute denial of claimant's right to participate in the fund, but was a determination as to the extent of disability. Therefore, an appeal did not lie and appellant's only available remedy was an original action in mandamus.

Appellant argues that the commission abused its discretion by accepting for review claimant's motion for permanent disability without evidence of new and changed circumstances required by R. C. 4123.57(B).[1] Although the medical report of Dr. Roemer did not constitute substantial evidence of changed conditions since the last examination, we disagree with appellant's position that the relevant provisions of R. C. 4123.57(B) must be construed *in pari materia* with the provisions of R. C. 4123.58, relating to permanent and total disability.[2]

---

[1] R. C. 4123.57(B) provides, in pertinent part:

"(B) The Industrial Commission, upon such application, shall determine the percentage of the employee's permanent disability * * * based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable. * * * No application for subsequent percentage determinations on the same claim for injury or occupational disease shall be accepted for review by the commission unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination."

[2] R. C. 4123.58 states:

"In cases of permanent total disability, the employee shall receive an award to continue until his death in the amount of sixty-six and two-thirds per cent of his average weekly wage, but not more than a maximum amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of Section 4123.62 of the Revised Code, nor not less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of Section 4123.62 of the Revised Code, unless the employee's average weekly wage is less than fifty per cent of the statewide average weekly wage at the time of the injury, in which event

As our prior cases have noted, a distinct difference exists between the goals of compensation for partial disability and for permanent and total disability. Although an award for permanent and total disability is generally aimed at compensating for impairment of earning capacity, benefits for partial disability are more akin to damages for work-related injuries. See *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131, 267 N. E. 2d 318; *State, ex rel. Latino,* v. *Indus. Comm., supra* (13 Ohio St. 2d 103). See, also, Young, Workmen's Compensation Law of Ohio, 107, Section 7.22. As can be seen from a reading of R. C. 4123.57 (B), the phrase "substantial evidence of new and changed circumstances" relates to the concept of partial disability. Additionally, R. C. 4123.95 states: "Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees." It is our conclusion that the language from R. C. 4123.57(B) discussed above, being absent from R. C. 4123.58, was intended by the General Assembly to apply only to partial disability claims pursuant to R. C. 4123.57(B).

Appellant contends further that the Industrial Commission's determination that claimant is permanently and totally disabled is unsupported by the evidence, and that such determination constitutes an abuse of discretion. We disagree. This court has often recognized that the determination of disputed factual situations is within the final jurisdiction of the commission, subject to correction by action in mandamus only upon a showing of abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 278 N. E. 2d 24; *State, ex rel. Reed,* v. *Indus.*

he shall receive compensation in an amount equal to his average weekly wage.

"The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section. Compensation payable under this section for permanent total disability shall be in addition to benefits payable under division (C) of Section 4123.57 of the Revised Code."

*Comm.* (1965), 2 Ohio St. 2d 200, 207 N. E. 2d 755; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 139 N. E. 2d 41. Thus, where the record contains evidence which supports the commission's factual findings, this court will not disturb that determination. See *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550, 186 N. E. 398; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm., supra; State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128, 279 N. E. 2d 861; *State, ex rel. Breno,* v. *Indus. Comm.* (1973), 34 Ohio St. 2d 227, 298 N. E. 2d 150.

In the case at bar, the commission considered the medical opinions of three doctors concerning whether claimant was permanently and totally disabled. Only Dr. Koenigshoff indicated that claimant was not so disabled, and his opinion was based upon the medical proof on file with the commission, not upon an examination of claimant. Dr. Roemer's report, although insufficient in other respects, supported a finding of permanent and total disability. The report submitted by Dr. Katz also stated that claimant was permanently disabled, and provided a detailed description of claimant's medical problems arising out of the 1958 and 1966 injuries. A reasonable interpretation of this report is that the effects of the 1966 injury, when superimposed upon the 1958 injury, caused claimant to be permanently and totally disabled; the 1966 injury was not only a contributing factor, but the "final straw" which produced such disability. Because the commission did not base its conclusion upon a claim over which jurisdiction no longer existed (the 1958 injury),[3] there was no abuse of discre-

---

[3] R. C. 4123.52 provides:

"The jurisdiction of the Industrial Commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under Section 4123.56 of the Revised

tion in viewing the evidence in this manner.

Although the Court of Appeals erred in concluding that appellant had a right of appeal from the decision of the Industrial Commission, that court correctly found that the record supports the commission's factual determination. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

Code, except in cases where compensation has been paid under Sections 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in Section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the applicable time limit as provided in this section."

The last payment of compensation arising out of the 1958 injury was in October 1961.