OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions.  The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Haddix, Appellant and Cross-Appellee, v. Industrial Commission of Ohio, Appellee and Cross-Appellant.
[Cite as State ex rel. Haddix v. Indus. Comm. (1994),      Ohio St.3d     .]

Workers' compensation -- Court not precluded from ordering Industrial Commission, in mandamus action, to award permanent total disability benefits, when.

(No. 93-1449 -- Submitted May 16, 1994 -- Decided August 10, 1994.)

Appeal and Cross-Appeal from the Court of Appeals for Franklin County, No. 92AP-858.

Claimant, William Haddix, appellant and cross-appellee, sustained injuries in 1973 and 1974 in the course of and arising from his employment with Wheeler's Rich Oil Company and ITT Thompson, Inc., respectively.  In 1988, claimant moved appellee and cross-appellant, Industrial Commission of Ohio, for permanent total disability compensation.  Attending physician Donald Siehl, D.O., certified claimant as medically "unable to carry out any gainful work activity on a sustained basis."  Commission specialist Dr. Clarence J. Louis reported:

"The industrial injury does not prohibit the claimant from engaging in sustained remunerative employment.  However, said employment must be devoid of bending, stooping [and] lifting greater than 20 pounds and prolonged sitting greater than 25 minutes without a 5 to 10 minute allowance to stand and stretch.  Staircase walking should be avoided as well.

"The permanent impairment resulting from the industrial injury is estimated at 65% of the body as a whole."

On September 26, 1989, the commission denied permanent total disability compensation in a standard boilerplate order.  Claimant's action in mandamus resulted in vacation of the order and a return of the matter by the Court of Appeals for Franklin County to the commission on April 11, 1991 for further consideration and amended order.  The commission on July 23, 1991 issued an amended order that again denied permanent total disability compensation based:

"* * * Particularly upon the reports [sic] of Doctors [sic] Louis, a consideration of the claimant's age, education *

* *.

"The weight of the evidence indicates claimant is not permanently and totally disabled due to the allowed conditions. The objective findings contained within the report of Dr. Louis reflect claimant can engage in some types of job activities. Claimant's age (60), his varied vocational background (gas station service attendant and press operator) indicate he retains the transferable skills to engage in sedentary types of job duties. Claimant's 8th grade education, while an impediment to returning to work, does not, alone, result in a total inability to engage in job duties."

Claimant filed another complaint in the court of appeals for a second writ of mandamus that would compel the commission to award permanent total disability compensation. The court agreed that the order violated State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, but declined to order the relief claimant sought. The court instead issued a limited writ that again vacated the commission's order and returned the cause to the commission for further consideration and amended order.

This cause is now before this court upon an appeal and cross-appeal as of right.

Hochman & Roach Co., L.P.A., Gary D. Plunkett and Nicholas E. Davis, Jr., for appellant and cross-appellee.

Lee Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for cross-appellant and appellee.

Per Curiam. Claimant seeks a writ of mandamus to compel a permanent total disability award that is consistent with our recent decision in State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission wants its order reinstated, and essentially contends that Noll has not been violated. Upon review, we favor claimant's position.

As is true with all disputes arising under Noll and Gay, the success of claimant's permanent total disability application rests on the interpretation given his nonmedical disability factors. In this case, the commission's order is internally inconsistent.

The present order lists three non-medical factors -- age, education and work history. The commission was silent on the first, giving no clue as to whether claimant's age was viewed favorably or unfavorably. Its observation that claimant was sixty years old appears to be no more than that - - a random factual observation with no significance attached one way or the other.

Education, on the other hand, was specifically deemed an obstacle to reemployment, so it does not support the transferable-skills theory. This leaves the commission's conclusion resting solely on claimant's work history.

The commission determined that claimant's prior work as a gas station attendant and press operator provided him with skills transferable to sedentary employment. The commission's order, however, does not identify what those skills are. Such elaboration is critical in this case, since common sense suggests that neither prior work is, in and of itself, sedentary.

The commission responds that it "inferred" from claimant's gas station job that claimant "perform[ed] a variety of duties, which would include such things as pumping gas, washing windows, dealing with customers at retail, making change, filling out credit card slips, operating a cash register, and light custodial work." Again, however, none of this explanation was stated in the order. Moreover, pumping gas, washing windows and light custodial duties do not suggest sedentary employment.

The commission's order, contrary to Noll, does not, therefore, adequately explain how these vocationally neutral and/or unfavorable factors combine to produce a claimant who is able to work. Equally important, we are not convinced that such an explanation is possible. Claimant is now in his sixties. He did not attend even high school and has worked as a gas station attendant and press operator. We thus find relief consistent with Gay to be appropriate.

The appellate judgment is hereby reversed and a writ of mandamus is allowed.

Judgment reversed
and writ allowed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J., dissent.

Moyer, C.J. I dissent.

Wright, J., dissenting. Not long ago this court unanimously returned a workers' compensation case to the Industrial Commission with instructions to exercise more care in making decisions and to articulate the socio-economic factors it relies upon. See State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Frustrated with the results of various decisions by the commission, a majority of this court in State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, seemingly undermined the long-standing "some evidence" rule by devising a new standard, a standard as yet unexplained. I, along with the Chief Justice, dissented from the syllabus in Gay. See, also, my dissent in State ex rel. Koonce (1994), 69 Ohio St.3d 436, 439, 633 N.E.2d 520, 523.

Today's decision does more than jettison the some evidence rule; it seizes the whole process of review from the commission and places it squarely in the courts. The record in this case illustrates this point and surely demonstrates the folly of our ways.

As noted by the majority, claimant's doctor, Dr. Siehl, opined that claimant was unable to engage in work on a sustained basis. However, the commission's own doctor, Dr. Louis, after examining claimant, concluded that he was only sixty-five percent impaired and could, therefore, engage in sustained remunerative employment.

In my view, it was the commission's prerogative to find the report of Dr. Louis more persuasive than the report of Dr. Siehl. State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Dr. Louis's report certainly constitutes "some evidence" to support the commission's order.

I readily concede that the sociological factors contained in the record in this case could conceivably lead to the

conclusion reached by the majority, but reaching that conclusion is a function of the commission.

Rather than treat my brethren to another acerbic commentary about the virtues of stare decisis, I make just one salient comment and offer a prediction. What we have done of late in this area of the law is to abandon the fundamental basis for granting mandamus relief in workers' compensation cases by establishing what amounts to de novo review of determinations by the commission. In my view this is not only bad law but terrible public policy as well.1

I predict that a de novo review of the decisions reached by the commission will lead to a veritable deluge of appeals to the Tenth District Court of Appeals (and from there to this court) with the attendant costs thereto and a complete lack of predictability in the law.

More in sorrow than in anger, I must dissent.

FOOTNOTE:

1  I believe Justice Douglas had it exactly right in his concurrence in State ex rel. Rouch v. Eagle Tool & Machine Co. (1986), 26 Ohio St.3d 197, 203-206, 26 OBR 289, 294-296, 498 N.E.2d 464, 470-471, when he stated:

"We have recited time and again that it is the duty of the Industrial Commission to decide all questions of fact within its jurisdiction. State, ex rel. Coen, v. Indus. Comm. (1933), 126 Ohio St. 550, 552 [186 N.E. 398, 399]; State, ex rel. Allied Wheel Products, Inc., v. Indus. Comm. (1956), 166 Ohio St. 47, 50 [1 O.O.2d 190, 192, 139 N.E.2d 41, 44]; State, ex rel. Reed, v. Indus. Comm. (1965), 2 Ohio St. 2d 200, 202 [31 O.O.2d 408, 410, 207 N.E.2d 755, 757-758]; State, ex rel. Haines, v. Indus. Comm. (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70, 70-71, 278 N.E.2d 24, 25]; State, ex rel. General Motors Corp., v. Indus. Comm. (1975), 42 Ohio St. 2d 278, 282 [71 O.O.2d 255, 258, 328 N.E.2d 387, 390]; State, ex rel. Teece, v. Indus. Comm. (1981), 68 Ohio St. 2d 165, 169 [22 O.O.3d 400, 402, 429 N.E.2d 433, 436]; State, ex rel. Griffin, v. Indus. Comm. (1982), 70 Ohio St. 2d 264, 265 [24 O.O.3d 348, 436 N.E.2d 1039, 1040]. Thus, the first issue becomes, what are the factual questions, 'within the jurisdiction of the commission' which are to be decided when a worker seeks compensation?

"Section 35, Article II, of the Ohio Constitution provides the framework for the creation of a workers' compensation system within this state. The Constitution gives the General Assembly the authority to establish a board which '* * * may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification and to collect, administer and distribute such fund, and to determine all right of claimants thereto. * * *'  (Emphasis added.)

"The constitutional directive that the board 'determine all right of claimants' requires that a decision be made on two matters. The first is whether a claimant has the right to participate in the fund (allowance or disallowance of the claim). If it is determined, by any proper procedure, that a claimant has the right to participate, then the second responsibility of the commission is to determine to what extent such participation should be allowed (extent of claimant's

disability).  To facilitate the determination of these two matters, lawmakers enacted a statutory provision which allowed the courts to share the jurisdiction of the board as to the former decision, but which vested sole jurisdiction over the latter with the commission.

"Thus, orders and findings of the commission which address the claimant's right to participate in the Workers' Compensation Fund can be challenged by way of a statutorily provided court appellate procedure.  R.C. 4123.519 and its predecessor, G.C. 1465-90, provide for an appeal, on the merits, from a final decision of the commission, to resolve 'right to participate' disputes.  Pursuant to the current statute, a claimant can appeal from the disallowance of his claim, or the employer can appeal from the commission's allowance of a worker's claim.  The court then conducts a de novo trial, and a determination is made of the claimant's eligibility to participate in the Workers' Compensation Fund.

"Conversely, the determining of the extent of participation in the fund is reserved to the commission.  That is, if the decision of the commission or the court is to allow the claimant to participate, the claimant returns to the commission for a determination of the amount and duration of benefits.  If the claimant or employer is dissatisfied with the decision of the commission as to the extent of disability, an appeal may not be taken to the courts for a de novo determination.  This is simply because the courts have not been granted jurisdiction to hear such an appeal.

"R.C. 4123.519 is very explicit in its terms.  In part, it reads:

"'The claimant or the employer may appeal a decision of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *.'  (Emphasis added.)

"In the syllabus of State, ex rel. Bosch, v. Indus. Comm. (1982), 1 Ohio St. 3d 94 [1 OBR 130, 438 N.E.2d 415], this court crystallized the operation of R.C. 4123.519 by holding:

"'Once a claimant's right to participate in the Workers' Compensation Fund for an injury to a specific part of the body has been determined, any further determination of the Industrial Commission pertaining to the computation of compensation payable under the workers' compensation law for that specific injury is as to "extent of disability," and is not appealable pursuant to R.C. 4123.519.'  (Citations omitted.)

"Additionally, the General Assembly has expressly exempted the commission's decisions from the appellate procedure contained within the Administrative Procedure Act.  R.C. 119.01(A) states in part:

"'* * * Sections 119.01 to 119.13 of the Revised Code do not apply to actions of the industrial commission or the bureau of workers' compensation under sections 4123.01 to 4123.94 of the Revised Code with respect to all matters of adjudication * * *.'

"These enactments lend finality to the commission's factual decisions relating to the rights of claimants under the Workers' Compensation Act.  In effect, the jurisdiction of the commission to decide extent of disability is, thus, not only

exclusive, but conclusive.

"Nevertheless, historically, non-appealable decisions of the commission have been accorded review through an action in mandamus. This court stated in State, ex rel. General Motors Corp., v. Indus. Comm., supra, at 280 [71 O.O.2d at 257, 328 N.E.2d at 389]:

"'* * * [W]here the commission's order constitutes a finding as to the extent of disability, an appeal is unavailable and mandamus is proper to test the commission's exercise of its discretion. * * *'

"A proceeding in mandamus, however, is not to be confused with an appeal de novo. As this court stated in State, ex rel. Marshall, v. Keller (1968), 15 Ohio St. 2d 203, 205 [44 O.O.2d 184, 185, 239 N.E.2d 85, 87]:

"'* * * Mandamus is not a substitute for an appeal, nor can it be used to create an appeal in cases where an appeal is not provided by law. * * *'

"Repeatedly, this court has stated that a writ of mandamus may be issued only where there has been an abuse of discretion on the part of the commission. As discussed infra, such abuse is evident only upon a showing that the commission's decision was rendered without 'some evidence' to support it. State, ex rel. Thompson, v. Fenix & Scisson, Inc. (1985), 19 Ohio St. 3d 76 [19 OBR 117, 482 N.E.2d 1241]; State, ex rel. Teece, v. Indus. Comm., supra; State, ex rel. Paragon, v. Indus. Comm. (1983), 5 Ohio St. 3d 72, 74 [5 OBR 127, 128, 448 N.E.2d 1372, 1374]; State, ex rel. Kramer, v. Indus. Comm. (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30, 31, 391 N.E.2d 1015, 1017]." (Footnote omitted.)