DECISION
ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, S E Johnson Companies, Inc., commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate that portion of its order which allocates five percent of an award of permanent total disability ("PTD") compensation to relator in claim number 97-455015, and to enter an amended order that allocates none of the award to relator.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that even though the medical reports were not some evidence upon which a five percent PTD allocation could be based, it was reasonable for the commission to base the five percent PTD allocation on the five percent permanent partial disability ("PPD") previously awarded on the theory that a five percent left hand impairment contributed to claimant's inability to perform sustained remunerative employment. Therefore, the magistrate has recommended that we deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision contending that the five percent PPD award, standing alone, is not some evidence upon which the commission could rely in allocating a five percent PTD award to relator. Relator argues that a PPD award is not premised upon an impairment of earning capacity or an impairment of present or future employment. Rather, it, in essence, is a damage award made as the result of a work-related injury. Therefore, in the absence of some medical evidence indicating that the injury contributed to the claimant's inability to engage in sustained remunerative employment, relator asserts that the PPD award is not some evidence supporting the allocation of PTD. We agree.
 {¶ 4} PTD compensation is designed to compensate the claimant for impairment of earning capacity. State ex rel. General Motors Corp. v.Indus. Comm. (1975), 42 Ohio St.2d 278, 282. Here, there is simply no evidence supporting the conclusion that the five percent PPD award for the left hand injury (which is healed) contributed to the claimant's inability to perform sustained remunerative employment. As relator points out, a PPD award is akin to a damage award. Such an award is not predicated on a finding that the injury impacts the claimant's ability to perform sustained remunerative employment. State ex rel. Holman v.Longfelllow Restaurant (1996), 76 Ohio St.3d 44, 47. Therefore, the PPD award for the left hand injury, standing alone, is not some evidence supporting the conclusion that this injury contributed to the claimant's inability to perform sustained remunerative employment. Moreover, Ohio Adm. Code 4121-3-34(D)(3)(f) states:
The adjudicator [of PTD] shall not consider the injured worker's percentage of permanent partial impairment as the sole basis for adjudicating an application for permanent and total disability.
 {¶ 5} Here, we believe the magistrate correctly concluded that the two medical reports were not some evidence upon which the commission could rely in support of its conclusion that the left hand injury contributed to the claimant's inability to work. Therefore, the only remaining evidence was the three-year-old PPD award.
 {¶ 6} The medical evidence indicated that the injury upon which the PPD award was based has completely healed. Without some medical evidence indicating a casual connection between the healed left hand injury and an impairment of earning capacity, it was an abuse of discretion for the commission to allocate any portion of the PTD award to relator in claim number 97-455015.
 {¶ 7} Therefore, we sustain relator's objections to the magistrate's decision. We adopt the magistrate's findings of fact, but only that portion of the magistrate's conclusion of law which addresses the two medical reports. We further find that a writ of mandamus should issue ordering the commission to vacate that portion of its order that allocates five percent of an award of PTD compensation to relator in claim number 97-455015 and to enter an amended order that allocates no portion of the PTD award to relator in claim number 97-455015.
Objections sustained; writ of mandamus granted.
McGRATH and FRENCH, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
S E Johnson Companies, Inc., :
 Relator, :
v. : No. 04AP-634
 :
Industrial Commission of Ohio : (REGULAR CALENDAR)
and Charles Whitacre, :
 :
 Respondents. :

 MAGISTRATE'S DECISION Rendered on November 24, 2004 David R. Cook, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
Schiavoni, Schiavoni, Bush Muldowney Co., L.P.A., and ShawnMuldowney, for respondent Charles Whitacre.
 IN MANDAMUS {¶ 8} In this original action, relator, S E Johnson Companies, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate that portion of its order that allocates five percent of an award of permanent total disability ("PTD") compensation to relator in claim number 97-455015, and to enter an amended order that allocates none of the award to relator.
Findings of Fact:
 {¶ 9} 1. On July 22, 1997, Charles Whitacre ("claimant") sustained an industrial injury while employed with relator, a self-insured employer under Ohio's workers' compensation laws. Relator certified the industrial claim for "bruises and lacerations to the left hand." Relator's certification was officially recognized by a commission hearing officer in an ex parte order issued in October 1997. This industrial claim is assigned claim number 97-455015.
 {¶ 10} 2. On February 3, 2000, claimant filed an application for the determination of a percentage of permanent partial disability ("PPD") in claim number 97-455015. On May 23, 2000, the Ohio Bureau of Workers' Compensation ("bureau") mailed a "tentative order" awarding five percent PPD. Apparently, relator did not file an objection to the bureau's tentative order, and thus the order became final.
 {¶ 11} 3. On August 28, 2003, claimant filed an application for PTD compensation. On his application, claimant listed his four industrial claims, including claim number 97-455015.
 {¶ 12} 4. In support of his PTD application, relator submitted a report, dated August 18, 2003, from Nicholas P. DePizzo, II, D.O., who examined claimant on August 5, 2003, for all allowed conditions of all four industrial claims. With respect to claim number 97-455015, Dr. DePizzo's report states in part: "Regarding the left hand injury there is some moderate stiffness in the middle fifth and fourth fingers of the left hand which equals a 0% impairment of the whole person."
 {¶ 13} In his report, Dr. DePizzo found a 34 percent whole person impairment ("WPI") for claim number 88-60638 (bilateral knee injuries), a 16 percent WPI for claim number 89-69156 (cervical, thoracic, lumbar sprains), and a 19 percent WPI for claim number 86-54119 (sprain/strain bilateral shoulder). Dr. DePizzo calculated the total WPI to be 69 percent. He opined that claimant is permanently and totally disabled from any and all gainful employment.
 {¶ 14} 5. On November 12, 2003, claimant was examined, at the commission's request, by R. Scott Krupkin, M.D. Dr. Krupkin examined for all allowed conditions of all four industrial claims. With respect to claim number 97-455015, Dr. Krupkin reported the following clinical findings from his examination:
* * * Examination of the left hand revealed osteoarthritic changes along with range of motion deficits measuring 90 degrees of flexion and an extension lag of 40 degrees with extension in digits 2 through 5. There are small, but healed wounds between the web spaces of the second, third, fourth, and fifth fingers. * * *
 {¶ 15} Under the "Opinion" section of his report, Dr. Krupkin explained how he arrived at the WPI percentages. He wrote:
Bruises and lacerations to the left hand are healed. Range of motion is restricted at the PIP joint of digits 2 through 5. This deficit in range of motion reflects a 10% whole person impairment. * * *
 {¶ 16} For the bilateral shoulder injuries, Dr. Krupkin assigned an eight percent WPI for the right shoulder and an 11 percent WPI for the left shoulder.
 {¶ 17} For the bilateral knee injuries, Dr. Krupkin assigned a 20 percent WPI.
 {¶ 18} For the cervical, thoracic, and lumbar sprains, Dr. Krupkin assigned a five percent WPI.
 {¶ 19} Using the Combined Values Chart, Dr. Krupkin calculated the total WPI to be 59 percent.
 {¶ 20} 6. On December 8, 2003, a staff hearing officer ("SHO") mailed a tentative order awarding PTD compensation beginning August 18, 2003, based upon the reports of Drs. DePizzo and Krupkin. Ten percent of the PTD award was allocated to relator in claim number 97-455015.
 {¶ 21} 7. Relator timely filed an objection to the tentative award of PTD compensation. Relator objected to the allocation of the award to claim number 97-455015.
 {¶ 22} 8. Following a February 27, 2004 hearing, an SHO issued an order awarding PTD compensation beginning August 5, 2003, based upon the reports of Drs. DePizzo and Krupkin. Pertinent here is the following portion of the SHO's order:
It is further ordered that the above award be allocated as follows:
5% of the award is to be paid under Claim Number 97-455015; 10% of the award is to be paid under Claim Number 89-69156; 75% of the award is to be paid under Claim Number 88-60638; and 10% of the award is to be paid under Claim Number 86-54119.
The allocation of this award is predicated upon the opinions of Drs. DePizzo and Krupkin, cited above. The Hearing Officer concludes that while it is clear from the reports cited that the majority of injured worker's inability to work is due [to] his 1988 claim, it is equally clear that all four claims contributed to injured worker's permanent total disability to some extent. The 1997 claim, which on its face is found to be the most minor of the claims, is the last industrial injury the injured worker sustained before being knocked out of the work force.
Dr. Krupkin specifically opined that injured worker has a 10 percent permanent partial impairment due [to] the allowed conditions in this 1997 claim and while that it [sic] is not a large impairment, it is significant enough to conclude that this claim does contribute to injured worker's inability to work. However, the Hearing Officer does acknowledge that Dr. DePizzo does not assign any permanent partial impairment to this 1997 injury, and in consideration thereof, the Hearing Officer concludes that when both physicians opinions are considered, it is reasonable to attribute a 5 percent permanent partial impairment to this 1997 injury. This conclusion is supported by the fact that the injured worker has been previously found to have a 5 percent permanent partial disability due [to] this injury, per order dated 5/23/2000.
As such, although a small disability, it is still significant enough to conclude that this injury contributed to injured worker's overall inability to work.
The Hearing Officer notes that only the allocation issue raised at hearing was specifically directed to claim 97-455015 regarding what percentage, if any, should be allocated to the 1997 claim.
 {¶ 23} 9. On June 22, 2004, relator, S E Johnson Companies, Inc., filed this mandamus action.
Conclusions of Law:
 {¶ 24} The commission allocated five percent of the PTD award to relator based upon: (1) the reports of Drs. DePizzo and Krupkin, and (2) the five percent PPD award of May 23, 2000. Thus, the issue here is whether either of the bases supports the commission's allocation to claim number 97-455015.
 {¶ 25} Finding that the five percent PPD award provides some evidence to support the commission's allocation of the PTD award, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 {¶ 26} To begin, the magistrate finds that the reports of Drs. DePizzo and Krupkin do not support an allocation to claim number 97-455015. Dr. DePizzo examined the left hand and found zero percent impairment. Dr. Krupkin's examination of the left hand revealed osteoarthritic changes along with range-of-motion deficits. In assigning a ten percent WPI to claim number 97-455015, Dr. Krupkin noted that the "[b]ruises and lacerations to the left hand are healed," and further noted that "range of motion is restricted at the PIP joint of digits 2 and 5."
 {¶ 27} Significantly, claim number 97-455015 is only allowed for "bruises and lacerations to the left hand." The claim is not allowed for osteoarthritis or for a condition relating to the PIP joints.
 {¶ 28} Nonallowed medical conditions cannot be used to advance or defeat a compensation claim. State ex rel. Waddle v. Indus. Comm.
(1993), 67 Ohio St.3d 452. It follows that nonallowed conditions cannot be used as a basis for allocation. Id. Thus, Dr. Krupkin's ten percent WPI cannot be relied upon as some evidence to support the allocation to claim number 97-455015.
 {¶ 29} Even though the medical reports do not provide some evidence upon which an allocation can be based, the five percent PPD award does provide some evidence to support allocation. The commission bases its PPD awards solely on medical and clinical findings reasonably demonstrable.State ex rel. Holman v. Longfellow Restaurant (1996), 76 Ohio St.3d 44. In effect, the five percent PPD award translates to an adjudication of five percent WPI for claim number 97-455015. Id.
 {¶ 30} According to relator, the PPD award cannot be some evidence for an allocation because the PPD award itself does not address whether the PPD contributes to claimant's inability to engage in sustained remunerative employment. (Relator's brief at 7.) In the magistrate's view, it is reasonable for the commission to conclude that a five percent left hand impairment contributes to the inability to perform sustained remunerative employment even though the five percent WPI alone does not produce PTD.
 {¶ 31} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.