THE STATE, EX REL. SPRINGFIELD CONTAINER CORP.,
APPELLANT, *v.* STEBBINS ET AL., APPELLEES.

[Cite as State, ex rel. Springfield Container Corp., v.
Stebbins (1976), 45 Ohio St. 2d 289.]

(No. 75-990—Decided March 24, 1976.)

290

Messrs. *Martin, Browne, Hull & Harper* and *Mr. Hugh Barnett*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. Michael J. Hickey* and *Mr. William J. Naperstick*, for appellees.

*Per Curiam.* Relator argues that the finding of the Industrial Commission in favor of claimant constitutes a gross abuse of discretion and that a writ of mandamus should issue directing the commission to deny claimant's applica-

tion for an additional award. It is relator's contention that the safety device on the cutting saw used by claimant complies with the specific safety requirements adopted by the commission and, because there is no specific requirement that the guard be adjustable, "failure to adjust is not a proper basis on which to base a finding of a violation of a specific safety requirement."

In the recent case of *State, ex rel. M.T.D. Products*, v. *Stebbins* (1975), 43 Ohio St. 2d 114, where a safety device malfunctioned causing a machine to injure an employee, this court held that "the purpose of the safety regulation [guards on molding machines] is to provide reasonable safety for employees. * * * The fact that a safety device that otherwise complies with the safety regulations failed on a single occasion is not alone sufficient to find that the safety regulation was violated." Such safety regulation, this court said, "does not purport to impose absolute liability for an additional award * * *."

In this case, as in *M.T.D.*, the machine was equipped with a safety device. The fact that it was improperly adjusted at the time claimant was injured is not a violation of a specific safety requirement that "cutting tools shall be guarded."

Therefore, on authority of *M.T.D. Products*, the allowance of an additional award in this case was an abuse of the Industrial Commission's discretion.

Accordingly, relator, having sustained its burden of showing a clear legal right thereto, is entitled to a writ of mandamus as prayed for. *State, ex rel. Pressley*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

The judgment of the Court of Appeals is, for the reasons stated, reversed, and the writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.