THE STATE, EX REL. GENERAL MOTORS CORP., FISHER BODY
ELYRIA DIV., APPELLANT, *v.* INDUSTRIAL COMM. OF OHIO,
APPELLEE.

(No. 76-1285—Decided June 8, 1977.)

*Baughman & Associates Co., L. P. A.,* and *Mr. Thomas P. Hayes,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John F. Livorno,* for appellee.

*Per Curiam.* The main issue raised by this cause is whether a writ of mandamus should issue to compel the Industrial Commission to "vacate its order" requiring relator to pay Christy a 24½ percent permanent partial disability award.

Relator raises three challenges to the Court of Appeals' denial of its complaint for a writ of mandamus. The first is that the commission abused its discretion when it awarded 24½ percent disability benefits to Christy because there is insufficient evidence to support a finding that the July 1968 injury caused that degree of disability. The second is that the commission abused its discretion when it

awarded a 24½ percent disability benefit to Christy because that award, in combination with Christy's disability benefits from two later injuries, is in excess of Christy's total percentage of disability. Relator also contends that, pursuant to R. C. 4123.57, Christy's application for disability benefits was prematurely filed, and the commission, therefore, lacked jurisdiction to grant any disability award against relator.

Mandamus will not lie unless there is a clear legal duty by a public officer or agency to perform an official act (*State, ex rel. Pressley,* v. *Indus. Comm.* [1967], 11 Ohio St. 2d 141). The thrust of relator's abuse of discretion and jurisdiction arguments is that the 24½ percent award has no effect, and the commission has a clear legal duty to retract it.

Relator's abuse of discretion arguments are addressed to the commission's factual determinations. Mandamus will not lie to correct such determinations as long as there is some evidence to support them. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283. The record reveals that there is such evidence in the instant cause. Two of three doctors who examined Christy on his July 1968 claim evaluated his disability at more than the 24½ percent rate awarded by the commission. The doctor granting Christy the highest disability rate did so *after* specifically examining the records of his *post*-July 1968 industrial injuries. Finally, the record reveals that over half the total 56½ percent permanent partial disability awarded Christy was for a 1970 injury which also entailed spinal damage. Given the evidence that Christy's case was examined specifically to ascertain the degree of disability caused by his 1968 industrial injury and that his total disability award covered injuries in addition to his 1968 shoulder injury, we find that the Court of Appeals was correct when it found that the commission's award of a 24½ percent disability benefit did not constitute an abuse of discretion.

Relator's second main argument is that the commission lacked jurisdiction to grant Christy a permanent partial

disability award on his July 1968 accident because, under R. C. 4123.57, Christy's disability application was filed prematurely.

R. C. 4123.57, as it read at the time that Christy applied for permanent partial disability benefits (134 Ohio Laws 1371, 1372, Pt. II), provided, in pertinent part:

"An employee is eligible to file an application with the Industrial Commission for the determination of the percentage of his permanent partial disability resulting from the injury or occupational disease * * *.

"* * * upon the expiration of forty weeks after:

"(a) The date of the termination of the latest period of temporary total disability * * *."

Relator interprets R. C. 4123.57 to mean that *no* claim for permanent partial disability may be filed within 40 weeks of any period of temporary total disability. That interpretation is not justified by the language of the statute. R. C. 4123.57 does not postpone filing for forty weeks after temporary disability resulting from *any* injury; rather, it postpones filing for 40 weeks after temporary disability "resulting from *the* injury or occupational disease * * *." (Emphasis added.) The article *the* refers to a definite injury, and the only injury referred to in the statute is the one on which the applicant is filing a claim. If the language of a statute is "clear, unequivocal and definite," then the statute must be applied accordingly. *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105. We find, therefore, that the commission had jurisdiction to award Christy a 24½ percent disability on his 1968 claim, and we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.