THE STATE, EX REL. GEAUGA INDUSTRIES, CO., *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 78-675—Decided December 12, 1979.)

110

*Messrs. Thrasher, Dinsmore & Dolan* and *Mr. Joseph R. Znidarsic,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. James R. Piercy,* for respondent Industrial Commission.

*Messrs. Freeman, Igoe, Hanson & Polhamus* and *Mr. William R. Polhamus,* for intervening respondent Laura Daugherty.

*Per Curiam.* The Industrial Commission has broad discretion in the performance of its duties and its actions are presumed to be in all respects valid and in the exercise of good faith and sound judgment. *State, ex rel. Gerspacher,* v. *Coffinberry* (1952), 157 Ohio St. 32. As long as there is some evidence to support the commission's findings and no abuse of discretion is shown, the commission's order will not be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1977), 50 Ohio St. 2d 155.

Relator objects to the determination made by the commission that relator violated IC-5-08.03 (A). That regulation provides, in pertinent part, as follows: "(1) Construction. Every power press in use shall be constructed, or shall be guarded to prevent the hands or fingers of the operator from entering the danger zone *during the operating cycle.*" (Emphasis added.) The machine herein was equipped with a two-

hand tripping device, which is one of the enumerated acceptable methods in IC-5-08.03 (B). Relator argues that since an acceptable method to guard from injury was used, then claimant's application for an award for a specific violation must be denied. If the safety requirement was complied with, a writ of mandamus will be issued, even though injury resulted from a defect in the machine. *State, ex rel. M.T.D. Products,* v. *Stebbins* (1975), 43 Ohio St. 2d 114; *State, ex rel. Springfield Container Corp.,* v. *Stebbins* (1976), 45 Ohio St. 2d 289.

However, the commission in this case found that there were not sufficient guards for the machine during the *entire* operating cycle of the machine as required by IC-5-08.03 (A). There was a guard for the first phase of the process, but there was no guard during the second phase. It was during the second phase of the operating cycle that claimant was injured. Hence, it was not unreasonable for the commission to require guards for the entire operating cycle of the machine. We find no abuse of discretion by the commission in awarding claimant the added benefits for a violation of a specific safety requirement.

Therefore, the writ prayed for is denied.

*Writ denied.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.