THE STATE, EX REL. KING, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. King, *v.* Indus. Comm. (1988), 35 Ohio St. 3d 185.]

(No. 86-1068—Decided February 24, 1988.)

*William M. Culbert,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellee Industrial Commission.

*Bugbee & Conkle* and *Gregory B. Denny,* for appellee Aluminum & Zinc Die Cast Co.

*Per Curiam.* Appellant attacks the commission's judgment on two grounds: first, that there was no evidence before the commission to support the finding that the mechanical pullout bars on the press complied with the requirements of Ohio Adm. Code 4121:1-5-11(E); and second, that the commission's construction of this administrative code section, as applied to the facts of this case, was inconsistent and illogical when compared to this court's judgment in *State, ex rel. Geauga Indus. Co.,* v. *Indus. Comm.* (1979), 60 Ohio St. 2d 109, 14 O.O. 3d 341, 397 N.E. 2d 1202.

Appellant's evidentiary argument is founded upon Ohio Adm. Code 4121:1-5-11(E), which requires every hydraulic or pneumatic press to be guarded in such a way as to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle. This section enumerates six acceptable methods of guarding, one of which is a two-hand actuating device that requires the simultaneous use of both hands outside the danger zone "during the entire closing cycle of the press." Ohio Adm. Code 4121:1-5-11(E)(3).

Appellant argues that the evidence before the commission indicates that the bars need only be pulled simultaneously to initiate the press cycle, but do not require continuous use throughout the entire closing cycle as mandated under the administrative code provision.

The determination of disputed facts is within the sound discretion of the Industrial Commission. *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77, 14 O.O. 3d 275, 397 N.E. 2d 403. This court will not disturb the findings of the commission where the record contains some evidence in support thereof. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 283, 71 O.O. 2d 255, 328 N.E. 2d 387. We find that the record contains the requisite evidence to support the commission's decision in this case. In an affidavit provided to the investigator, appellant related that when he "pulled back on the two (2) handles *and the press' upper platen descended,* the affiant would then simply let go of the handles, and they would return to their vertical position." (Emphasis added.) This statement may be interpreted as evidence that the upper platen had completed the entire closing cycle when appellant released the handles.

Next, appellant asserts that the commission's determination is inconsistent with this court's judgment in *State, ex rel. Geauga Indus. Co.,* v. *Indus. Comm., supra.* In *Geauga Indus. Co.,* this court reviewed the VSSR claim of a claimant whose right hand was crushed in a power press. A specific safety regulation in effect at that time required that every power press be guarded so as to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle. Although the power press in *Geauga Indus. Co.* was

equipped with a two-hand tripping device, one of the enumerated acceptable methods of guarding a press in the safety regulation, the court concluded that the commission had sufficient evidence before it to support its finding that the press was not guarded throughout its entire operating cycle.

Appellant proposes that Ohio Adm. Code 4121:1-5-11(E) contains a general requirement similar to that in *Geauga Indus. Co.*, *i.e.*, that the method of guarding "prevent the hands or fingers of the operator from entering the danger zone during the operating cycle." This argument is also refuted by appellant's affidavit. When describing his conduct just prior to his injury, appellant stated:

"That he then removed his hands and actuated the press. *That the upper platen then ascended,* and the affiant reached into the press with both hands and took hold of the scrap gate." (Emphasis added.)

This averment indicates that the upper platen of the press had ascended and completed a cycle before appellant placed his hands in the danger zone. This depiction would satisfy the requirement of Ohio Adm. Code 4121:1-5-11(E) that the guard prevent the employee's hands from entering the danger zone "during the operating cycle" of the press.

We find that the description of the accident provided in appellant's affidavit supports the commission's conclusion that the guard employed on the press did not violate the requirements of either Ohio Adm. Code 4121:1-5-11 (E) or 4121:1-5-11(E)(3).

For the reasons set forth in this opinion, we find that the Industrial Commission did not abuse its discretion in denying appellant's VSSR application and affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.