The discretion of the Industrial Commission cannot be controlled by mandamus.
Section 35 of Article II of the Constitution of Ohio provides in part:
"Such board [Industrial Commission] shall have full power and authority to hear and determine *Page 329 
whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final * * *."
The commission having found against him, the relator, to succeed in this court, must show that the finding of the commission amounted to an abuse of discretion.
Upon consideration of the entire record, we cannot say that there was an abuse of discretion. In our opinion, there was evidence upon which the commission's finding might properly rest, and in this circumstance the determination of the commission becomes final. Slatmeyer v. Industrial Commission,115 Ohio St. 654, 155 N.E. 484.
Whether there was a light in the elevator cab itself becomes of little moment in this case when it is remembered that the cab was not at the floor from which relator fell, but was then at some upper floor of the building. Had it contained a light, the result could hardly have been different.
There was conflict in the evidence as go whether the relator or some other had the duty of keeping proper bulbs in the sockets in the corridor approaching the elevator shaft. There was evidence that the relator was charged with that duty, and that the bulbs were supplied and on hand at the time of the accident. The commission having found as it did, we assume that this was so. There was, therefore, no breach of a specific requirement in this respect.
Neither was there a breach of the requirement to incase the elevator shaft and to equip it with automatic gates. Relator does not deny that such equipment was in place. His claim is that, through lack of attention, *Page 330 
the gate failed to work. He makes no claim, however, of mechanical disrepair, but apparently relies upon a statement in the record that the grooves were last greased some four months before. It appears, however, that the gates were working well the afternoon previous to the accident, and there is evidence tending to show that it was the relator's duty to advise the company if the elevator was not in good condition. We cannot say as a matter of law that failure to grease for four months was a violation of a specific requirement. We find no abuse of discretion in this respect.
There remains only the contention that the company was guilty of violation of Sections 871-15 and 871-16, General Code. The controversy concerning general as opposed to specific requirements occupied the attention of this court before the language of Section 35, Article II, of the Ohio Constitution was amended in 1923 so as to substitute the words "specific requirement" for the words "lawful requirement." AmericanWoodenware Mfg. Co. v. Schorling, 96 Ohio St. 305,117 N.E. 366, Ann. Cas., 1918D, 318; Acklin Stamping Co. v. Kutz,98 Ohio St. 61, 120 N.E. 229, 14 A. L. R., 812; Patten v.Aluminum Castings Co., 105 Ohio St. 1, 136 N.E. 426; PageDairy Co. v. Affield, 105 Ohio St. 645,138 N.E. 926; Ohio Automatic Sprinkler Co. v. Fender, 108 Ohio St. 149;141 N.E. 269.
So far as this case is concerned, that amendment determines the controversy. In our opinion Sections 871-15 and 871-16, General Code, do not set up specific requirements, and are therefore not vital to the question before us.
For the foregoing reasons, the record fails, in our opinion, to disclose that the commission abused its *Page 331 
discretion, and the writ asked for by the relator is denied.
Writ denied.
WEYGANDT, C.J., STEPHENSON, JONES and ZIMMERMAN, JJ., concur.
ALLEN, J., concurs in the judgment.
MATTHIAS, J., not participating.