By the Court.
The sole question presented by the demurrer is whether Section 87 of the Code of Specific Safety Requirements relating to building and construction work, adopted by the Industrial Commission of Ohio, is a specific requirement within the meaning of Section 35, Article II of the Constitution of the state of Ohio.
Section 35, Article II of the Constitution of Ohio, *171 reads, in part, .as follows: “Laws may be passed establishing a board which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto. * * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final # * * .”
It is settled in Ohio that a statute enacted by the General Assembly or orders by the Industrial Commission, which prescribe a general course of conduct, are not specific requirements within the meaning of the aforementioned constitutional provision. As was said in State, ex rel. Stuber, v. Industrial Commission, 127 Ohio St., 325, 188 N. E., 526: “The controversy concerning general as opposed to specific requirements occupied the attention of this court before the language of Section 35, Article II of the Ohio Constitution was amended in 1923 so as to substitute the words ‘specific requirement’ for the words ‘lawful requirement.’ American Woodenware Mfg. Co. v. Schorling, 96 Ohio St., 305, 117 N. E., 366, Ann. Cas. 1918D, 318; Acklin Stamping Co. v. Kutz, 98 Ohio St., 61, 120 N. E., 229, 14 A. L. R., 812; Patten v. Aluminum Castings Co., 105 Ohio St., 1, 136 N. E., 426; Page Dairy Co. v. Affield, 105 Ohio St., 645, 138 N. E., 926; Ohio Automatic Sprinkler Co. v. Fender, 108 Ohio St., 149, 141 N. E., 269.
“So far as this case is concerned, that amendment determines the controversy.”
Interpreting the meaning of the term “lawful requirement,” the court, in American Woodenware Mfg. *172 Co. v. Schorling, 96 Ohio St., 305, at page 325 (117 N. E., 366, Ann. Cas. 1918D, 318), said: “We are convinced that the term ‘lawful requirement,’ as used in the constitutional amendment and the statutory provisions involved in this case, was not intended to and does not mean a general course of conduct, or those general duties and obligations of care and caution which flow from the relation of employer and employee, and which rest upon each member of the community for the protection of the others.”
In Patten v. Aluminum Castings Co., 105 Ohio St., 1, 136 N. E., 426, the court defined the term “lawful requirement” as meaning “specific requirement,” saying that “The term ‘lawful requirement,’ as used in Section 35, Article II of the Constitution, and in Section 1465-76, General Code, comprehends such lawful, specific and definite requirements or standard of conduct as would advise an employer of his legal obligations.”
If we substitute the word “specific” for the word “lawful,” we have a definition of the term “specific requirement.”
What specific things did Section 87 require the employer to do? The section provides that “It shall be the duty of the operator to see that all men employed in the tunnel are supplied, at all times, with such timbers, other materials, equipment and supplies as are necessary * * What timber, material, equipment or supplies? Who is to determine the necessity? Obviously, determination is left to the judgment of the employer. The constitutional provision does not impose a penalty for an error in judgment committed by an employer, but it does provide a penalty for violation of a specific requirement. Section 87 does not impose a specific requirement but vests in the employer the power to exercise his judgment with respect to determining the question of necessity. The specific thing to be done is left to the judgment of the employer, *173 as is also the method to be employed. Such a section cannot be said to be a specific requirement. It is the duty of the commission to prescribe such specific safety requirements as will • forewarn the employer and establish a standard which he may follow. The section here involved is clearly not a “specific requirement. ’9
In finding that the injuries to decedent, Robert Holcomb, were caused by a violation of a specific requirement, the Industrial Commission abused its discretion, to correct which a writ of mandamus will issue. See State, ex rel. Coen, v. Industrial Commission, 126 Ohio St., 550, 186 N. E., 398.
The demurrer of respondent is overruled, and respondent not desiring to plead further a writ of mandamus is allowed.

Writ allowed.

Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.