Turner, J.
The present action seeks the issuance of a writ of mandamus compelling the Industrial Commission of Ohio to deny the application of one of relator’s employees who seeks an additional award by reason of the plaintiff’s alleged violation of Section 45 (c) of the Industrial Commission’s order as contained in Bulletin 207 of the Code of Specific Safety Requirements relating to presses, hammers, machines, machine tools, etc. It follows the procedure adopted in the case of State, ex rel. Rae, v. Industrial Commission, 136 Ohio St., 168, 24 N. E. (2d), 594, wherein this court allowed a writ of mandamus to correct an abuse of discretion by the Industrial Commission. The sole question there presented was whether Section 87 of the Code of Specific Safety Requirements relating to building and construction work was a specific requirement within the meaning of Section 35, Article II of the Constitution of Ohio. In that case it was held in the per curiam opinion:
“It is settled in Ohio that a statute enacted by the General Assembly or orders by the Industrial Commission, which prescribe a general course of conduct, are not specific requirements within the meaning of the aforementioned constitutional, provision.” (Italics ours.)
Section 35 of Article II of the Constitution reads in part as follows:
“* * '* Such board [now Industrial Commission of Ohio] shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of *168 the lives, health or safety of employes, enacted by the-General Assembly or in the form of an order adopted by snch board, and its decision shall be final * *
In the Rae case, supra, it was further said in the per curiam opinion:
“As was said in State, ex rel. Stuber, v. Industrial Commission, 127 Ohio St., 325, 188 N. E., 526: ‘The controversy concerning general as opposed - to specific requirements occupied the attention of this court before the language of Section 35, Article II of the-Ohio Constitution was amended in 1923 so as. to substitute the words “specific requirement” for the words-“lawful requirement.” [Citing cases.] * * *
“Interpreting the meaning of the term ‘lawful requirement,’ the court, in American Woodenware Mfg. Co. v. Schorling, 96 Ohio St., 305, at page 325 (117 N. E., 366, Ann. Cas. 1918D, 318) said: ‘We are convinced that the term “lawful requirement,” as used in the constitutional amendment and the statutory provisions involved in this case, was not intended to and does not mean a general course-of conduct, or those-general duties and obligations of care and caution, which flow from the relation of employer and employee, and which rest upon each member of the community for the protection of the others.’
“In Patten v. Aluminum Castings Co., 105 Ohio St., 1, 136 N. E., 426, tifie court defined the term ‘lawful requirement’ as meaning ‘specific requirement,’ saying that ‘The term “lawful requirement,” as used in Section 35, Article II of the Constitution, and in Section 1465-76, General Code, comprehends snch lawful, specific and definite requirements or standard of conduct-as would advise an employer of his legal obligations. ’
“If we substitute the word ‘specific’ for the word ‘lawful,’ we have a definition of the term ‘specific requirement.’ ”
*169 We are not unmindful that in the case of Ohio Automatic Sprinkler Co. v. Fender, 108 Ohio St., 149, 141 N. E., 269, a majority of the court, as then constituted, held that the doctrine announced in American Woodenware Mfg. Co. v. Schorling, supra, Patten v. Aluminum Castings Co., supra, and Toledo Cooker Co. v. Sniegowski, 105 Ohio St., 161, 136 N. E., 904, was not the law and overruled those cases. The Rae case is a later case with a per curiam opinion. It was held in the Rae case that “it is the duty of the commission to prescribe such specific safety requirements as will forewarn the employer and establish a standard-which he may follow.”
The instant case differs from the case of Cincinnati House Wreckers, Inc., v. Industrial Commission, ante, 146, which was brought under Section 871-38, General Code, and sought the vacation of an additional award for the failure of an employer to comply with a specific safety requirement.
Without passing upon the propriety of the remedy in the instant case, we shall measure relator’s complaints under the law laid down in the Rae case, supra, upon which relator relies.
Such Section 45 (e) provides as follows:
“Squaring shears, where hand fed, shall have the knives substantially guarded. Where the opening for receiving the material to be sheared is more than one-half (%) inch, this space shall not exceed twice the maximum thickness for which the machine is designed.. This provision shall not apply where the material •sheared is more than eighteen (18) inches in width.”
Section 3, paragraph 12, Bulletin 207, provides:
“12. ‘Guarded’ unless otherwise specified herein, -shall mean that the object is provided with guards as specified herein or in accordance with the Ohio General Safety Standards Code.”
*170 Section 3, paragraph 27, Bulletin 207, provides:
“27. The term ‘substantial’ when used herein shall mean construction of such strength, of such material and of such workmanship that the object referred to shall, under normal or reasonably foreseen circumstances, withstand all reasonably expected shock, wear, usage and deterioration for which the object was designed.”
We are of the opinion that Section 45 (c), unlike Section 87 which was under consideration in the Rae case, does prescribe such specific safety requirements as will forewarn the employer and establish a standard which he may follow. It requires that hand-fed squaring shears shall have the knives substantially guarded. The purpose of the section is plain and the details to be followed by the employer are as specific as practical considerations permit. The section should be understood easily by any employer engaged in the use of the specified equipment. The employer is informed that “substantially” means construction of such strength, of such material and of such workmanship that the object referred to shall, under normal or reasonably foreseen circumstances, withstand all reasonably expected shock, wear, usage and deterioration for which the object was designed.
We are of the opinion that Section 45 (c) prescribes such safety requirements as will forewarn the employer and establish a standard which he may follow.
Relator further contends: “Should Section 45 (c) Bulletin 207 be held to constitute a specific safety re- ' quirement, then plaintiff comes within the exception as stated in the third sentence of said Section 45 (c).”
It is to be kept in mind that as to all factual matters, Section 35 of Article II of the Constitution makes the decision of the Industrial Commission final.
Relator states in its brief:
*171 “It will be noted that the record states that Leo 'Charles List was engaged in cutting-up a piece of sheet steel that was 8 feet long and 30 inches wide, into pieces -30 in. wide by 16 in. long. This fact is not in dispute. * # * However the commission contended, and may still •so contend in this court that the language ‘material sheared is more than 18 in. in width’ meant the size of the piece after it had been cut. And furthermore in this case the. commission said that the width of the piece as cut was 16 in. even though just as it was cut ■by the shearing blade it was 30 in. wide. It seems unlikely that as a part of the same process the width of an object machined suddenly becomes its length.”
Relator is here arguing facts upon which we do not pass.
In the case of Slatmeyer v. Industrial Commission, 115 Ohio St., 654, 155 N. E., 484, it was held in paragraphs one and two of the syllabus:
» “1. Section 35 of Article II of the Ohio Constitution, as amended in 1923, conferred upon the Industrial Commission of Ohio full power and authority to hear -and determine ‘whether or not an injury, disease or ■death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, en-acted by the General Assembly or in the form of an •order adopted by such board,-’ upon that question of fact the decision of the commission is final. That feature of the Ohio Constitution does not violate the due process clause of the federal Constitution. The Ohio •Constitution has not extended such finality of decision to questions of law arising in a proceeding where an .additional award is imposed for the failure to comply with such specific requirement.
“2. Section 871-38, General Code, does not confer ■upon this court jurisdiction to review the decision of *172 the commission in respect to the imposition of the added award. All questions relating to such additional award, save that upon which the decision of the commission is final, may be heard and determined m a single suit wherein the employer, when sued under Section 1465-74, General Code, for the compensation fixed, may contest the basic legal questions necessary to be determined by the commission before making such additional award. (Pittsburg Coal Co. v. Indus. Comm., 108 Ohio St., 185, 140 N. E., 684; Gatton v. Indus. Comm., 93 Ohio St., 203, 112 N: E., 503; Fassig v. State, ex rel. Turner, Atty. Genl., 95 Ohio St,, 232, 116 N. E., 104; and DeWitt v. State, ex rel. Crabbe, Atty. Genl., 108 Ohio St., 513, 141 N. E., 551, followed.) ”
We are of the opinion that Section 45 (c) of the Industrial Commission Bulletin 207, the Code of Specific Safety Requirements, is a specific safety requirement within the purview of Section 35, Article II of the Constitution, and that such Section 45 (c) provides a reasonable requirement. We are of the further opinion that the allowance of an added award for the failure of List’s employer to comply therewith does not constitute an abuse of the commission’s discretion. Therefore, a writ of mandamus, as prayed for by relator, is denied.

Writ denied.

Hart, Zimmerman, Sohngen and Stewart, JJ., concur.
Weygandt, C. J., and Matthias, J., concur in the ¡judgment.