128

THE STATE, EX REL. MEES, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(No. 71-477—Decided March 1, 1972.)

130

Messrs. *Larrimer & Larrimer* and *Mr. Craig Aalyson*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Michael J. Hickey*, for appellee.

*Per Curiam.* The question presented for our review is whether the Industrial Commission abused its discretion in denying appellant's application for an additional award. As the court said in the syllabus of *State, ex rel. Stuber*, v. *Indus. Comm.* (1933), 127 Ohio St. 325:

"In an action in mandamus, to compel the Industrial Commission to make an allowance of additional compensation under the terms of Section 35 of Article II of the Constitution of Ohio, the relator, in order to succeed, must show that the finding of the commission against him amounted to an abuse of discretion."

Pursuant to authority granted it in R. C. 4121.13, the Industrial Commission has fixed reasonable standards and prescribed orders for the adoption of safety devices. Bulletin IC-5, published by the Industrial Commission, delineates regulations applicable to power presses and, in IC-5-08.03 (A)(1), provides that:

"Every power press in use shall be constructed, or shall be guarded to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle."

One of the acceptable methods of guarding listed in IC-5-08.03(B)(1)(c) is the sweep guard, defined in IC-5-08.02(D)(8) as a "device actuated by some moving part of the press and shall effectively sweep the hands of the operator from the danger zone when the ram or plunger descends."

Appellant urges his entitlement to the additional award on the basis that the sweep guard failed to effectively clear his left hand from the zone of danger.

Although the word "effectively" means in a manner producing the intended or expected result, it cannot be said that the occurrence of the accident here automatically indicates a violation of safety regulations.

The Industrial Commission determined that there was no violation of safety regulations by appellant's employer. In *State, ex rel. Allied Wheel Products, v. Indus. Comm.* (1956), 166 Ohio St. 47, 50, it is stated that "the determination of disputed factual situations as well as the interpretation of a specific safety requirement is within the final jurisdiction of the Industrial Commission." The court, in that case, concluded that there was evidence upon which the commission's finding might properly rest, and that, in such circumstance, the commission's determination became final.

Examination of the record herein indicates that it contains evidence which supports the commission's finding. Therefore, there is no basis upon which this court could predicate a finding of abuse of discretion.

This conclusion is supported by our holding in *State, ex rel. Barrett, v. Indus. Comm.* (1963), 175 Ohio St. 255, which involved facts similar to those in the instant case. There, it was agreed that a mechanical failure of a safety device on a punch press caused the injury. Even in that situation this court declined to find an abuse of discretion on the part of the commission which had refused to allow an additional award sought on grounds of an alleged violation of a specific safety requirement.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN and LEACH, JJ., concur.

SCHNEIDER and HERBERT, JJ., dissent.

BROWN, J., not participating.