228

THE STATE, EX REL. RUGGLES, APPELLANT, *v.* STEBBINS, CHAIRMAN, INDUSTRIAL COMMISSION, ET AL., APPELLEES.

(No. 74-383—Decided March 26, 1975.)

*Rudd, Karl, Sheerer, Lybarger & Campbell Co., L. P. A.,* and *Mr. Ralph Rudd,* for appellant.

Mr. *William J. Brown,* attorney general, *Mr. Michael J. Hickey, Mr. Frederic A. Portman, Mr. J. Michael Monteleone* and *Mr. Frank E. Gafney,* for appellees.

*Per Curiam.* Appellant lists seven propositions of law in her appeal. However, the basic issue before the court is "* * * whether the Industrial Commission abused its discretion in denying appellant's application for an additional award." *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128, 130, 279 N. E. 2d 861. This follows from the holdings in *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257, 291 N. E. 2d 748, and *State, ex rel. Stuber,* v. *Indus. Comm.* (1933), 127 Ohio St. 325, 188 N. E. 526, that in an action in mandamus to compel the Industrial Commission to make an allowance of additional compensation under the terms of Section 35 of Article II of the Constitution of Ohio, "the relator, in order to succeed, must show that the finding of the commission against him amounted to an abuse of discretion."

The specific safety requirement of the Industrial Commission claimed to have been violated here is IC-5-10.04(B), which reads, in part:

"Eye protection shall be provided to employees performing the following operations:

"(1) Cutting, chipping, drilling, cleaning, buffing, grinding, polishing, shaping or surfacing masonry, brick, hardened concrete or plaster, or similar substances with hand tools or mechanical equipment. This covers demolition work where the materials listed are part of the operation.

"* * *

"(9) Metal chipping, cutting, cleaning, grinding, conditioning or machining where there is danger of flying particles.

"* * *

"This does not apply where a shield or exhaust equipment provides adequate eye protection for employees otherwise exposed to the hazards covered in IC-5-10.04(B)(1), to IC-5-10.04(B)(14) inclusive."

It is appellant's position that "the commission was in error if it concluded that the cited specific requirement IC-5-10 was not applicable," and that "if the commission concluded that the cited safety requirement was applicable but not violated, then it did so without substantial evidence * * * to support its finding * * *."

In *Mees, supra* (29 Ohio St. 2d 128), a writ of mandamus was sought in the Court of Appeals for the grant of an additional award for violation of a specific safety requirement. The commission's finding in that case stated " 'that the claimant's injuries were not caused by the employer's violation of any specific requirement * * *.' " The Court of Appeals denied the writ and this court affirmed. In the course of the opinion, the court said, at page 131:

"The Industrial Commission determined that there was no violation of safety regulations by appellant's employer. In *State, ex rel. Allied Wheel Products*, v. *Indus. Comm.* (1956), 166 Ohio St. 47, 50, it is stated that 'the determination of disputed factual situations as well as the interpretation of a specific safety requirement is within the final jurisdiction of the Industrial Commission.' The court, in that case, concluded that there was evidence upon which the commission's finding might properly rest, and that, in such circumstance, the commission's determination became final.

"Examination of the record herein indicates that it contains evidence which supports the commission's finding. Therefore, there is no basis upon which this court could predicate a finding of abuse of discretion."

This cause was submitted to the Court of Appeals upon a stipulation of facts consisting of the Industrial Commission's file. An examination of that record indicates "that it contains evidence which supports the commission's finding." Therefore, there is no basis upon which this court could predicate a finding of abuse of discretion.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.