THE STATE, EX REL. MOON, APPELLANT, *v.* DAUGHERTY, ADMR., ET AL., APPELLEES.

[Cite as State, ex rel. Moon, v. Daugherty (1979), 57 Ohio St. 2d 17.]

(No. 78-436—Decided February 14, 1979.)

Messrs. *Sindell, Sindell, Selker, Rubenstein, Einbund & Pavlik* and *Mr. Dennis O. Norman,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Robert L. Holder,* for appellees Administrator and Industrial Commission.

*Crede Calhoun Co., L. P. A., Mr. Crede Calhoun* and *Mr. J. Michael Monteleone,* for appellee Jones & Laughlin Steel Corporation.

*Per Curiam.* Because the instant cause originated in a Court of Appeals, this court is obligated, pursuant to Section 2, Article IV of the Ohio Constitution, to review it. Having done so, we find no merit in relator's appeal. The sole issue raised by Moon is whether mandamus should lie. Mandamus will not lie unless there is a clear legal duty to perform an official act. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, paragraph one of the syllabus. The commission is under no such legal duty to increase Moon's disability compensation unless the record reveals that its determination not to increase that award constituted an abuse of discretion. *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128; *State, ex rel. Stuber,* v. *Indus. Comm.* (1933), 127 Ohio St. 325.

A review of the record shows that the commission did not abuse its discretion when it found that Moon's disability had not increased from 1966 to 1976. (Both medical reports record normal muscle development and reflexes and an impaired ability to bend and lift or complete the straight-leg raising test. The second report also indicates some

degree of improvement—Moon is described as having worn a brace only "in the past.")

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., not participating.