THE STATE, EX REL. IANIRO, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(No. 79-577—Decided December 19, 1979.)

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. William Naperstick,* for appellee.

*Per Curiam.* A court will not substitute its judgment for that of the Industrial Commission when there is evidence to support the commission's decision and no abuse of discretion is demonstrated. *State, ex rel. Moon,* v. *Daugherty* (1979), 57 Ohio St. 2d 17, 19; *State, ex rel. Rockwell Internat.,* v. *Indus. Comm.* (1976), 45 Ohio St. 2d 96, 97; *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128, 131. The Court of Appeals found ample evidence in the record to support the commission's finding that appellant was not unable to work because of a partial hearing loss and, therefore, appellant was not entitled to temporary total disability compensation. After a review of the record, we are constrained to agree with the Court of Appeals since we find sufficient factual medical evidence to support the commission's decision.

Appellant argues that the only issue before the commission was whether temporary total disability could be found when there was no total and permanent injury to appellant. Appellant frames the question as a matter of law involving the statutory interpretation of R. C. 4123.56 and 4123.57 (C). Appellant's contention is without merit. The only issue before the commission was the factual and medical issue whether appellant could work during the period of time in question. The commission decided this factual question in the affirmative and we will not disturb that determination. See *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278.

Appellant argues further that the commission abused its discretion when it refused to grant a continuance of the hearing herein and thereafter refused to grant reconsideration of the matter.

Pursuant to the authority granted in R. C. 4121.31 [1], the commission promulgated IC 4121-3-09 (C) (4), which provides:

[1] R. C. 4121.31 provides:

"The administrator of the bureau of workers' compensation and the industrial commission each shall adopt rules covering the following general topics with respect to Chapter 4123 of the Revised Code:

"If no appearance is made at a hearing, with notice, the claim will be heard and disposed of upon the proof on file, if such proof is sufficient for that purpose.***"

Appellant's counsel was not present at the hearing, although he was given notice of the hearing. There was sufficient proof in the file upon which the commission could base its decision. The fact that appellant's counsel was not present is harmless in this case due to the adequate evidence in the file. Further, R. C. 4123.518 allows continuances only "***in cases of hardship prejudicial to a party and due to the lack of time afforded by the notice of the hearing or to other cause which the party could not be expected to foresee and provide against." Thus, the commission, in its sound discretion, can grant a continuance. Even assuming, *arguendo*, that the request for a continuance by appellant's counsel was timely received by the commission prior to the May 22, 1978, hearing, we find no abuse of discretion by the commission in denying a continuance on the facts in this case.[2]

Therefore, for the reasons stated herein, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., CONCUR.

---

"(A) Rules that set forth any general policy and the principal operating procedures of the bureau or commission, including but not limited to:

"(1) Assignment to various operational units of any duties placed upon the administrator or the commission by statute;

"(2) Procedures for decision-making;

"(3) Procedures governing the appearances of a claimant, employer, or their representatives before the agency in a hearing;

"(4) Procedures that inform claimants, on request, of the status of a claim and any actions necessary to maintain the claim.

"(B) A rule barring any employee from having a workers' compensation claims file in the employee's possession unless the file is necessary to the performance of the employee's duties.

"(C) All claims, whether state fund or self-insured, be processed in an orderly, uniform, and timely fashion."

[2] Since we see no reason to disturb the commission's findings herein, this court does not reach the issue of the commission's right to reconsider the matter.