THE STATE, EX REL. BRANHAM, *v.* INDUSTRIAL COMMISSION OF OHIO; KORNER ROOFING & SHEET METAL CO.

(No. 81AP-491—Decided December 8, 1981.)

*Mr. Chester T. Freeman,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas E. Skilken,* for respondent Industrial Commission.

REILLY, J. This is a mandamus action. Relator alleges that on August 3, 1978, he suffered an injury in the course of his employment with respondent Korner Roofing & Sheet Metal Company. Thereafter, relator filed an application with the Bureau of Workers' Compensation for benefits. The Administrator of the Bureau of Workers' Compensation allowed the claim and established relator's full weekly wage at $336.24, but calculated his average weekly wage at $167.47. Relator received compensation benefits at rates based upon these calculations.

Relator filed a motion with respondent Industrial Commission on December 13, 1979, seeking a proper recalculation and adjustment of his average weekly wage. The district hearing officer on January 8, 1980, denied the motion and held there was an insufficient basis for raising the average weekly wage. The hearing officer also indicated that relator's weekly wage was calculated by dividing his total earnings by the number of weeks worked.

The Columbus Regional Board of Review on April 17, 1980, affirmed that order. Subsequently, on September 18, 1980, the Industrial Commission affirmed the Regional Board of Review's order.

Thereafter, the Scioto County Common Pleas Court dismissed an appeal from the Industrial Commission's order, on the ground that such order was not appealable to a common pleas court, as it involved a decision pertaining to the extent of disability as per R.C. 4123.519.

Thereafter, relator filed this action for writ of mandamus ordering respondent Industrial Commission to recalculate and adjust his average wage and establish it at a minimum of $324 per week.

Relator sets forth the following proposition of law:

"The Industrial Commission of Ohio abused its discretion when it calculated claimant's average weekly wage by the method of dividing his total earnings for the year prior to his injury by the total number of weeks (seven-day periods) he worked, and thus failed to follow the statutory mandate to consider special circumstances and periods of unemployment due to causes beyond claimant's control, which facts were present in the form of uncontradicted evidence of record."

The traditional standard for mandamus is set forth in *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, at page 58:

"This court has held on numerous occasions that mandamus will not lie where there is some evidence to support the finding of the Industrial Commission. See, e.g., *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128 [58 O.O.2d 319]; *State, ex rel. Ruggles,* v. *Stebbins* (1975), 41 Ohio St. 2d 228 [70 O.O.2d 426]. However, where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66]."

Nevertheless, R.C. 4123.61 reads in pertinent part:

"The average weekly wage of an in-jured employee at the time of the injury or at the time disability due to the occupational disease begins shall be taken as the basis upon which to compute benefits.

"* * *

"In death claims, permanent total disability claims, permanent partial disability claims, and claims for impairment of earnings, the claimant's or the decedent's average weekly wage for the year preceding the injury or the date the disability due to the occupational disease begins shall be the weekly wage upon which compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury, or the date the disability due to the occupational disease begins any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated.

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the commission, in determining the average weekly wage in such cases, shall use such method as will enable it to do substantial justice to the claimants."

Accordingly, applying the foregoing statute, relator was employed by respondent Korner Roofing & Sheet Metal Company from June 16, 1978 to August 3, 1978. The claim file contains no evidence that relator's unemployment during the period was within his control. To the contrary, there are several factors indicating that the Industrial Commission failed to eliminate these periods when computing relator's average weekly wage, in violation of R.C. 4123.61.

For example, the affidavit of Mr. Henry Stewart, relator's foreman, indicates in pertinent part that:

"Affiant states that he was employed by the Corner [sic] Roofing Company during the period of June 1978 through August of 1978.

"Affiant states that he was employed as the forman [sic].

"Affiant states that he was acquainted during this period of time with Thomas R. Branham the claimant in the claim above mentioned, and actually was there when he got hurt and pulled him out of the hole.

"Affiant further states that during the period of June until the injury of Thomas Branham, Mr. Branham worked on a regular basis when work was available.

"Affiant states that he would normally expect to work forty (40) hours per week except when there was unavailability of material to complete the work or if the weather conditions were bad.

"Affiant further states that on a couple of occasions he was unable to come in to work so he told all of the other men not to work either.

"Affiant states that Mr. Branham did work on this construction job forty (40) hours a week whenever work was available. Affiant further sayeth not."

The claim file does not indicate that the Industrial Commission eliminated from computation of relator's average weekly wage the above conditions, which were beyond relator's control. Considering the definition of the above-quoted statute, this constitutes an abuse of discretion. Therefore, it is necessary to grant the writ of mandamus and remand this case to the Industrial Commission to comply with R.C. 4123.61 in computing relator's average weekly wage.

In this case, the Industrial Commission should first determine which causes of relator's employment were beyond his control. Then the commission should eliminate such periods from computation of average weekly wage and, in this specific case, compute the average weekly wage by totaling the remaining time, computing it in terms of "weeks" and dividing that figure into relator's gross earnings.

Therefore, for the foregoing reasons, the court grants relator's writ of mandamus and remands this cause to the Industrial Commission for further proceedings consistent with this decision and in accordance with law.

*Writ allowed.*

STRAUSBAUGH, P.J., and NORRIS, J., concur.