THE STATE, EX REL. JOHNSON, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 82AP-758—Decided June 16, 1983.)

*Messrs. Harris & Katz* and *Mr. Jerald D. Harris,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Dennis L. Hufstader,* for respondents Industrial Commission and Raymond A. Connor.

*Messrs. Schottenstein, Zox & Dunn* and *Mr. Robert D. Weisman,* for respondent Kenner Products, Inc.

WHITESIDE, P.J. By this original action in mandamus, relator Catherine Johnson seeks a writ ordering respondent Industrial Commission to find her to be permanently and totally disabled and to find that such disability is a result of her industrial injury.

In finding relator not to be permanently and totally disabled, respondent

Industrial Commission relied upon medical reports of Dr. Fox, Dr. Brown and Dr. Steiner. Accordingly, determination of this case depends upon application of the oft-misunderstood and sometimes criticized "some-evidence" rule utilized for determining whether there has been an abuse of discretion on the part of respondent Industrial Commission in making the requisite factual determinations necessary for determining extent of disability in a workers' compensation case.

For more than fifty years, the "some-evidence" rule, although not always referred to by that name, has been recognized as the rule to be applied in determining whether there has been an abuse of discretion with respect to factual matters. See *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm.* (1956), 166 Ohio St. 47 [1 O.O.2d 190]; *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15 [58 O.O.2d 70]; *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128 [58 O.O.2d 319]; *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278 [71 O.O.2d 255]; and *State, ex rel. Questor Corp.,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 240 [24 O.O.3d 334].

As recently stated in *Questor Corp., supra,* at page 241, the "some-evidence" rules stands for the proposition that: "* * * an abuse of discretion is shown only where there is no evidence upon which the Commission could have based its factual conclusion." Although the "some-evidence" rule differs from the manifest weight test of competent, credible evidence and from the administrative appeal test of reliable, probative and substantial evidence, it nevertheless is not a scintilla rule. A mere scintilla of evidence would be insufficient to support the finding of the Industrial Commission. Rather, the "some-evidence" rule is somewhat akin to the rule applied in civil cases to determine whether a verdict should be directed. See Civ. R. 50(A)(4). Thus, the mandamus determination must be predicated upon a finding whether or not there is evidence to support the findings of the Industrial Commission, not whether this court agrees with those findings. In making the appropriate determination, the court is required to construe the evidence most strongly in favor of supporting the findings of the Industrial Commission. This appears to be the "some-evidence" rule, namely, whether, when construed most strongly in favor of supporting the findings of the Industrial Commission, the evidence reasonably supports the findings made by the Industrial Commission. In this case, when the evidence is so construed, there is sufficient evidence reasonably to support a conclusion that claimant is not permanently and totally disabled.

We need look no further to find that evidence than the report of Dr. Steiner, a specialist to whom the respondent commission referred claimant for examination. Dr. Steiner stated in part, as his opinion:

"This woman has mild lumbosacral strain, and perhaps because of her limited motion, and lack of activity, is stiff. She gives a history of the onset of a radiculpathy [*sic*], but has no physical findings to support this. * * * While she reports great pain, she brought no medication for a 400 mile trip in a car. She reported pain did not change regardless of whether I put her leg in a more comfortable position or in a stress position, and she had no reflex muscle guarding to accompany her pain. Her sensory examination of giving the exactly opposite answer further supports my opinion that this patient is exaggerating the extent of her illness for purposes of this examination to secure a permanent disability. * * *

"I would estimate that the patient has approximately 10% permanent and total disability due the allowed conditions on

24

this claim, namely, lumbosacral strain. I have not examined the x-rays for pre-existing osteoprosis [*sic*] and osteoarthritis of the lumbar spine, but one evaluates the functional disability, and not the radiographic changes, which frequently do not correlate. The actual physical dysfunction, as demonstrated by this examination is minimal, and the patient's complaints are in far excess to what can be demonstrated. Further, her inconsistent answers, and her bizarre reporting of the sensory examination would indicate that the patient exaggerates her complaints for the purpose of this disability examination."

Since Dr. Steiner's opinion related to the conditions for which the claim has been allowed, it was not unreasonable for the respondent Industrial Commission to accept his report and rely thereon in making a determination that relator is not permanently and totally disabled.

Accordingly, for the foregoing reasons, the requested writ of mandamus is denied.

*Writ denied.*

MOYER and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.