THE STATE EX REL. CURTIN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Curtin v. Indus. Comm.* (1999), 86 Ohio St.3d 581.]

(No. 98–105—Submitted August 25, 1999—Decided September 22, 1999.)

582

*Mitchell A. Stern,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee Industrial Commission.

*Conway, Marken, Wyner, Kurant & Kern Co., L.P.A.,* and *Michael R. Stavnicky,* for appellee Action Door of Mentor, Inc.

---

**Per Curiam.** Claimant asserts violations of two specific safety requirements. Finding that the commission did not abuse its discretion in denying a VSSR award, we affirm the judgment of the court of appeals.

Ohio Adm.Code 4121:1–3–03(J)(1) directs employers to provide lifelines, safety belts, and lanyards to employees "exposed to hazards of falling when the operation being performed is more than fifteen feet above ground or above a floor or platform." The code does not define the phrase "operation being performed." As such, its interpretation lies solely within the commission's sound discretion. *State ex rel. Berry v. Indus. Comm.* (1983), 4 Ohio St.3d 193, 4 OBR 513, 448 N.E.2d 134. Equally important, specific safety requirements "must be strictly construed, and all reasonable doubts construing the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219.

These principles compel our conclusion that the commission's interpretation was not unreasonable. Accordingly, we find that the commission did not abuse

its discretion in measuring "operation being performed" as the distance between the employee's feet and the ground, floor, or platform. Since that distance was less than fifteen feet, the commission's refusal to find a violation of Ohio Adm.Code 4121:1–3–03(J)(1) was appropriate.

Claimant also alleges a violation of Ohio Adm.Code 4121:1–3–14(B)(8). Ohio Adm.Code 4121:1–3–14(B), however, is entitled simply "definitions." As such, the commission ruled that subsection (B)(8), falling thereunder, was only a definition and not a specific safety requirement that imposed a duty on an employer. We agree and find that the commission did not abuse its discretion in denying a violation of this subsection.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.