[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 581.]

THE STATE EX REL. CURTIN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO
ET AL., APPELLEES.

[Cite as *State ex rel. Curtin v. Indus. Comm.*, 1999-Ohio-131.]

*Workers' compensation—Industrial Commission does not abuse its discretion in*
*denying award for violation of a specific safety requirement, when—Ohio*
*Adm.Code 4121:1-3-03(J)(1).*

(No. 98-105—Submitted August 25, 1999—Decided September 22, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD02-269.

———————————

{¶ 1} Appellant-claimant, Frank J. Curtin, installed garage door openers for appellee Action Door of Mentor, Inc. On June 22, 1994, claimant was using a ladder to install a chain for a garage door unit at Lawless Container Company. The garage door was fourteen feet high, and the distance from the ground to the door's operating mechanism was seventeen feet, two inches. This situation required claimant to climb approximately thirteen feet up the ladder to work. While on the ladder, claimant received an electrical jolt which knocked him to the floor and resulted in his injuries.

{¶ 2} After his workers' compensation claim was allowed by appellee Industrial Commission of Ohio, claimant alleged violations of two specific safety requirements ("VSSRs"). A commission staff hearing officer denied claimant's application, writing:

"First, [the] requirement [in Ohio Adm.Code] 4121:1-3-14[B](8) is ruled on. This requirement states that:

" ' "Grounded effectively" means permanently connected to earth through a ground connection or connections of sufficiently low impedance [*sic*] and having sufficient current-carrying capacity to prevent the building up of voltages which

may result in undue hazard to connected equipment or to employees.'

"It is found that this rule cannot serve as the basis for a VSSR violation because it is only a definition of *grounded effectively*. It does not impose a duty on the employer to take or not take any type of action in respect to safety procedures. Therefore, because this rule does not impose a duty on the employer to do or not do something regarding safety, and is present only for definitional purposes, no VSSR liability is found * * *.

"Next, [Ohio Adm.Code] 4121:1-3-03(J)(1) is examined. * * * [It] states that 'lifelines, safety belts and lanyards shall be provided by the employer * * * when the operation being performed is more than fifteen feet above [the] ground * * *.' Consequently, in order to find a violation of this rule, the claimant had to be performing an operation over fifteen feet above the ground when he fell, as there is no dispute regarding the fact that the employer did not supply safety belts and lifelines to the claimant.

"More specifically, in regard to how the fifteen foot distance is measured, it is held that * * * [it] is to be measured from claimant's feet to the ground. Consequently, the claimant's assertion that the proper way to measure the distance is from claimant's standing height to the ground is rejected.

"Therefore, based on the affidavits of Mr. Lorello and Mr. DePretis * * * the distance from claimant's feet at the time of injury to the ground is 13'2". Mr. Lorello and Mr. DePretis explained in their affidavits that Mr. DePretis climbed a ladder to a height that was appropriate for the work that the claimant had performed, and the distance from Mr. DePretis' feet to the ground was 13'2". It is also noted that Mr. DePretis is the same height as the claimant.

" * * * [I]t is found that the distance the claimant fell from to the ground, that is, the distance from where the operation being performed to the ground, was not more than fifteen feet. Inasmuch as the distance the claimant fell from is less than the rule requires in order to impose a duty on the employer to supply lifelines

2

and safety belts, it is ruled that this requirement was not violated by the employer's failure to supply safety belts and lifelines." (Emphasis *sic*.)

{¶ **3**} Rehearing was denied.

{¶ **4**} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying his VSSR application. The court of appeals disagreed and denied the writ.

{¶ **5**} The cause is now before this court upon appeal as of right.

_____

*Mitchell A. Stern*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission.

*Conway, Marken, Wyner, Kurant & Kern Co., L.P.A.*, and *Michael R. Stavnicky*, for appellee Action Door of Mentor, Inc.

_____

***Per Curiam.***

{¶ **6**} Claimant asserts violations of two specific safety requirements. Finding that the commission did not abuse its discretion in denying a VSSR award, we affirm the judgment of the court of appeals.

{¶ **7**} Ohio Adm.Code 4121:1-3-03(J)(1) directs employers to provide lifelines, safety belts, and lanyards to employees "exposed to hazards of falling when the operation being performed is more than fifteen feet above ground or above a floor or platform." The code does not define the phrase "operation being performed." As such, its interpretation lies solely within the commission's sound discretion. *State ex rel. Berry v. Indus. Comm.* (1983), 4 Ohio St.3d 193, 4 OBR 513, 448 N.E.2d 134. Equally important, specific safety requirements "must be strictly construed, and all reasonable doubts construing the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216,

1219.

**{¶ 8}** These principles compel our conclusion that the commission's interpretation was not unreasonable. Accordingly, we find that the commission did not abuse its discretion in measuring "operation being performed" as the distance between the employee's feet and the ground, floor, or platform. Since that distance was less than fifteen feet, the commission's refusal to find a violation of Ohio Adm.Code 4121:1-3-03(J)(1) was appropriate.

**{¶ 9}** Claimant also alleges a violation of Ohio Adm.Code 4121:1-3-14(B)(8). Ohio Adm.Code 4121:1-3-14(B), however, is entitled simply "definitions." As such, the commission ruled that subsection (B)(8), falling thereunder, was only a definition and not a specific safety requirement that imposed a duty on an employer. We agree and find that the commission did not abuse its discretion in denying a violation of this subsection.

**{¶ 10}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————