[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 422.]

THE STATE EX REL. EDWARDS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Edwards v. Indus. Comm*., 2001-Ohio-213.]

*Workers' compensation—Mandamus sought to compel Industrial Commission to vacate its order denying relator's application alleging a violation of a specific safety requirement—Court of appeals' denial of writ affirmed.*

(No. 00-1779—Submitted July 17, 2001—Decided August 8, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1135.

————————————

*Per Curiam.*

{¶ 1} Appellant, Claude Edwards, sought a writ of mandamus ordering appellee Industrial Commission of Ohio to vacate its order denying his application alleging a violation of a specific safety requirement ("VSSR"). The Court of Appeals for Franklin County denied the writ, finding that the commission's order was not an abuse its discretion. On Edwards's appeal as of right, we affirm.

{¶ 2} In December 1996, Edwards injured his neck while working for appellee Stark Truss Company, Inc. ("Stark Truss"), a manufacturer of wooden truss framework. He fell while repairing a truss that had been installed to support the roof of a building under construction. Edwards's claim was allowed for "paraplegia both legs, urinary tract infection," and he applied for additional compensation, alleging that Stark Truss had violated former Ohio Adm.Code 4121:1-3-03(J)(1) and (7).

{¶ 3} Ohio Adm.Code 4121:1-3-03(J), governing the use of safety belts, lifelines, and lanyards, provided:

"(1) Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when    *

*\* \* exposed to hazards of falling when the operation being performed is more than fifteen feet above ground or above a floor or platform \* \* \*.* Lifelines and safety belts shall be securely fastened to the structure and shall sustain a static load of no less than five thousand four hundred pounds.

" * * *

"(7) Safety nets may be used in lieu of lifelines and safety belts." (Emphasis added.) 1979-1980 Monthly Record 4-25.

**{¶ 4}** The commission found no violation of these sections after determining that Edwards had not fallen from a location that was more than fifteen feet high. Based on evidence of record, the commission concluded that immediately before his fall, Edwards had been working on the truss under repair by standing on a section of the truss structure that was only about eleven feet off the ground. Thus, the commission found that Ohio Adm.Code 4121:1-3-03(J) did not apply and that, as a result, Stark Truss was not required to provide Edwards the referenced safety equipment.

**{¶ 5}** For the purpose of this appeal, Edwards, though not in agreement with the factual conclusions of the commission, does not contest the distance of his fall. He instead cites the phrase extending Ohio Adm.Code 4121:1-3-03(J) protection to employees "when the operation being performed is more than fifteen feet above ground or above a floor or platform" and argues, in effect, that "operation" refers to the whole job assignment, not just to the specific task in which the worker is engaged precisely when the accident occurs. Edwards thus reasons that because the truss repair job would have involved work at the peak of the framework, which was over fifteen feet high, he was entitled to Ohio Adm.Code 4121:1-3-03(J) protection regardless of whether he actually fell from that height.

**{¶ 6}** The court of appeals rejected this interpretation of Ohio Adm.Code 4121:1-3-03(J), and so do we. The interpretation of specific safety requirements is within the commission's final jurisdiction and subject to review only for an abuse

of discretion. *State ex rel. Berry v. Indus. Comm.* (1983), 4 Ohio St.3d 193, 194, 4 OBR 513, 514, 448 N.E.2d 134, 135-136. Moreover, because an award for violation of a specific safety requirement is in the nature of a penalty, it must be strictly construed, with any reasonable doubts to be construed against applying it to the employer. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219.

**{¶ 7}** Here, the commission determined that the distance of Edwards's fall should be measured from the ground to the place where he was standing immediately before the fall. Its decision was based squarely on *State ex rel. Curtin v. Indus. Comm.* (1999), 86 Ohio St.3d 581, 715 N.E.2d 1162, and the court of appeals so found in adopting the decision of the magistrate. In *Curtin*, we tacitly agreed that the phrase "operation being performed" referred to the specific task being performed at the time the employee's fall occurred.

**{¶ 8}** The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Livorno & Arnett Co., L.P.A., John F. Livorno* and *Steven E. Stocker*, for appellant.

*Betty D. Montgom*ery, Attorney General, and *William J. McDonald*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

*Buckingham, Doolittle & Burroughs, L.L.P.,* and *Tod T. Morrow*, for appellee Stark Truss Company, Inc.

———————————