THE STATE EX REL. LANGE, APPELLANT, v. INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State ex rel. Lange v. Indus. Comm.,
111 Ohio St.3d 563, 2006-Ohio-6211.]

(No. 2005–2135—Submitted September 19, 2006—Decided December 13, 2006.)

———

**Per Curiam.**

{¶ 1} In this workers' compensation case, an employee who was injured on the job alleges that his employer violated a specific safety rule adopted by the Administrator of Workers' Compensation. The Industrial Commission denied the employee's claim, and the Tenth District Court of Appeals later denied the employee's request for a writ of mandamus that would have directed the commission to reach a different outcome. For the reasons that follow, we affirm the Tenth District's judgment denying the writ.

{¶ 2} The appellant is George Lange, who worked as a die setter at a General Motors assembly plant in Trumbull County. (A die setter is a skilled worker who positions and adjusts cutting or stamping machinery.) Lange was injured on the

job in January 2002 when a metal-forming press closed on his left hand during a die-changing procedure. He received workers' compensation benefits for his injuries.

{¶ 3} Lange then sought additional compensation from the bureau, alleging—in accordance with Section 35, Article II of the Ohio Constitution and R.C. 4121.47—that his employer, General Motors, had committed a violation of a specific safety rule ("VSSR"). The rule[1] that Lange contended had been violated by his employer was Ohio Adm.Code 4121:1–5–05:

{¶ 4} "(D) Machinery control.

{¶ 5} " * * *

{¶ 6} "(2) When machines are shut down.

{¶ 7} "The employer shall furnish and the employees shall use a device to lock the controls in the 'off' position or the employer shall furnish and the employees shall use warning tags when machines are shut down for repair, adjusting, or cleaning."

{¶ 8} A staff hearing officer at the Industrial Commission concluded, however, that the rule did not apply because Lange did not prove that the machine was shut down for repair, adjusting, or cleaning when the injury occurred. The safety rule applies, by its own terms, only when a machine is shut down, and, according to the staff hearing officer's decision, the press in question "was in operation at the time of the injury."

{¶ 9} That finding by the staff hearing officer was based on several sworn statements in the record. One of those statements was Lange's own affidavit, in which he explained that the die-changing procedure that he and his co-workers were performing at the time of his injury cannot be accomplished if the press is locked in the off position. Instead, according to Lange's affidavit, the ram must be raised and lowered to complete the die-changing process, and Lange's injury occurred during one of those cycles.

{¶ 10} Lange's co-worker, who cycled the press during the die-changing procedure, likewise explained in an affidavit that he "activate[d] the press" when he "got the indication from the die truck driver that the die was in place." That step of "bring[ing] the press down on top of the die" is performed, the co-worker explained, "so that the top portion of the die can be clamped onto the press."

{¶ 11} Citing this testimony, the Industrial Commission's staff hearing officer found that the press "was in operation because the die was being changed, and the press cannot be completely shut down while the die is being changed." Therefore the safety rule then codified at Ohio Adm.Code 4121:1–5–05(D)(2) did not apply, the hearing officer found, because that rule covers situations in which

---

1. The regulation is now codified at Ohio Adm.Code 4123:1–5–05(D)(2).

machines are shut down for repair, adjusting, or cleaning. Finding the rule inapplicable to the situation that resulted in Lange's injury, the hearing officer denied the VSSR claim.

{¶ 12} Lange then filed a petition for a writ of mandamus in December 2004 in the Court of Appeals for Franklin County. The court of appeals denied relief, however, finding that "the machine at issue here was kept running when relator and other employees were in the process of changing dies." "Therefore," the court of appeals explained, "the machine here was not shut down and Ohio Adm.Code 4121:1–5–05(D)(2) is inapplicable."

{¶ 13} Lange has now filed an appeal as of right.

{¶ 14} In order to be entitled to an additional workers' compensation award for a VSSR, "the claimant must establish that an applicable and specific safety requirement existed at the relevant time, that the employer failed to comply with the requirement, and that the employer's noncompliance was a cause of the injury." *State ex rel. Supreme Bumpers, Inc. v. Indus. Comm.*, 98 Ohio St.3d 134, 2002-Ohio-7089, 781 N.E.2d 170, ¶ 46. "VSSRs are factual questions to be determined exclusively by the commission." *State ex rel. Parks v. Indus. Comm.* (1999), 85 Ohio St.3d 22, 27, 706 N.E.2d 774.

{¶ 15} In this case, the Industrial Commission and the court of appeals both found that the safety requirement identified by appellant Lange—Ohio Adm.Code 4121:1–5–05(D)(2)—did not apply to the situation that resulted in his injury. The rule requires employers to take certain steps when machines are shut down, and the machine that injured Lange was not, according to the Industrial Commission, shut down.

{¶ 16} To be entitled to a writ of mandamus, Lange had to show that the commission abused its discretion. *State ex rel. Mees v. Indus. Comm.* (1972), 29 Ohio St.2d 128, 130, 58 O.O.2d 319, 279 N.E.2d 861. "When the record contains some evidence to support the commission's factual findings, a court may not disturb the commission's findings in mandamus." *State ex rel. Mahoney v. Team Am. 3, Inc.*, 99 Ohio St.3d 532, 2003-Ohio-4830, 795 N.E.2d 628, ¶ 13.

{¶ 17} The record in this case provides some evidence to support the commission's finding that the machine in question was not shut down. Both Lange and one of his co-workers explained in affidavits that the machine must be turned on and the ram must be raised and lowered during the die-changing process that the workers were performing at the time of Lange's injury. In light of that evidence, the commission did not abuse its discretion and the court of appeals properly denied mandamus relief.

{¶ 18} To be sure, Lange argues that this case turns on the proper interpretation of the words "shut down" in the regulation rather than a factual dispute about whether the machine was on or off. Yet "the interpretation of a specific safety requirement is within the commission's sound discretion." *State ex rel.*

*Arce v. Indus. Comm.,* 105 Ohio St.3d 90, 2005-Ohio-572, 822 N.E.2d 795, ¶ 19. The commission's interpretation of the words in a safety rule is reviewed under an abuse-of-discretion standard. *State ex rel. Edwards v. Indus. Comm.* (2001), 92 Ohio St.3d 422, 423, 751 N.E.2d 468.

{¶ 19} The commission did not abuse its discretion when it found that a safety regulation for machines that are "shut down" does not apply to a machine that must be turned on while workers make adjustments to it. The commission's interpretation is consistent with the oft stated principle that "all reasonable doubts concerning the interpretation of the specific safety requirement must be construed against its applicability to the employer." *State ex rel. Arce v. Indus. Comm.,* 105 Ohio St.3d 90, 2005-Ohio-572, 822 N.E.2d 795, ¶ 19. See, also, *State ex rel. Sanor Sawmill, Inc. v. Indus. Comm.,* 101 Ohio St.3d 199, 2004-Ohio-718, 803 N.E.2d 802, ¶ 14.

{¶ 20} Indeed, this court has already accepted the commission's view that this safety rule does not apply when a machine must be kept running while it is being cleaned, adjusted, or repaired. See *State ex rel. Harris v. Indus. Comm.* (1984), 12 Ohio St.3d 152, 154, 12 OBR 223, 465 N.E.2d 1286 ("It was reasonable for the commission to hold that the rule does not apply when the machine is already running, because the fact of its running, itself, provides adequate warning"). Based on that prior decision and the principle that "specific safety requirements must be strictly construed in the employer's favor," *State ex rel. Lamp v. J.A. Croson Co.* (1996), 75 Ohio St.3d 77, 78, 661 N.E.2d 724, the commission did not abuse its discretion when it found that Ohio Adm.Code 4121:1–5–05(D)(2) did not apply to the facts presented by this case. The rule was designed to protect workers when machines are shut down, and the commission reasonably concluded that a machine is not shut down when employees leave the machine turned on while making adjustments or repairs to it.

{¶ 21} Perhaps additional safety measures could have been or should have been taken by General Motors or by Lange and his fellow employees to prevent the injury that he suffered. The commission did not abuse its discretion, however, when it found that the specific safety rule at issue does not apply to machines that are left running while being repaired, adjusted, or cleaned, and certainly some evidence supports the commission's finding that this particular machine was not in fact shut down when Lange was hurt.

{¶ 22} Because the Industrial Commission did not abuse its discretion when it denied Lange's VSSR claim, we affirm the judgment of the court of appeals denying mandamus relief.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Boyd, Rummell, Carach, Curry, Kaufmann & Bins–Castronovo Co., L.P.A., and Walter Kaufmann, for appellant.

Jim Petro, Attorney General, and Derrick L. Knapp, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Vorys, Sater, Seymour & Pease, L.L.P., and Kenneth A. Stump, for appellee General Motors Corporation.